

# NUMBER 13-10-00111-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

**FERNANDO JAVIER EGUIA,** **Appellant,**

**v.**

**MICHELLE EGUIA,** **Appellee.**

**On appeal from the 117th District Court
of Nueces County, Texas**
_____

# OPINION

**Before Justices Benavides, Vela and Perkes
Opinion by Justice Perkes**

In this restricted appeal, appellant Fernando Javier Eguia ("Fernando"), appeals a default divorce judgment rendered in favor of appellee Michelle Eguia ("Michelle"). In three issues, Fernando argues that the trial court erred and abused its discretion in granting a default judgment, and contends that the record "on its face" shows: (1) the

parties were in bankruptcy and that the default judgment was granted in violation of the bankruptcy court's automatic stay, 11 U.S.C.A. § 362(c)(4)(B) (West 2011); (2) the return of citation was not on file for a period of at least ten days before the hearing, as is required by Texas Rule of Civil Procedure 107; and (3) appellant was not served with process, did not accept or waive service; and did not otherwise make an appearance. We reverse and remand in part, and vacate and dismiss in part.

## I. GENERAL BACKGROUND

On March 11, 2008, the Office of the Attorney General, Child Support Division, filed a petition for confirmation of non-agreed child support review order.[1] Michelle and Fernando each signed a sworn document entitled "non-agreed child support review order, waiver of service and agreement to appear in court." On April 18, 2008, the trial court entered an order confirming the non-agreed child support review order, thereby establishing child support obligations. The order was not appealed.

Subsequently, Michelle and Fernando jointly filed for bankruptcy. On October 20, 2008, the bankruptcy court entered an order imposing an automatic stay. *See* Chapter 11, section 362(c)(4)(B) of the United States Code.[2] However, a copy of the order imposing automatic stay was not filed with the trial court until March 5, 2010.

On August 18, 2009, Michelle, ignoring the bankruptcy stay order, filed an original petition for divorce, wherein she sought a divorce, child custody and support,

---

[1] *In the Interest of J.R E., E.R.E., and F.J.E.,* No. 08-1225B (117th Dist. Ct., Nueces County, Tex. Mar. 11, 2008) ("State's child support action").

[2] *In re Fernando Eguia and Michelle Eguia*, No. 08-20184-13 (Bktcy. Ct., S. Dist. Tex., Oct. 21, 2008) ("bankruptcy proceeding").

and marital property division.[3] A document entitled "Nueces County District Clerk Information for Issuance of Service" was filed on August 18, 2009, requesting service. The clerk's record, however, does not include a copy of either the service of citation or return of service.

On November 9, 2009, Michelle filed a motion to consolidate the divorce action and the State's child support action. On November 13, 2009, the trial court granted the motion to consolidate. The clerk's record does not include a notice of hearing, and does not indicate whether a hearing was held on the motion to consolidate.[4] Fernando did not file an answer or otherwise make an appearance in the consolidated divorce action.

On November 18, 2009,[5] a hearing was held, during which the following transpired between the trial court and Michelle's counsel, Ms. Koch:

> THE COURT: Ms. Koch there is no service.
>
> MS. KOCH: Your Honor, there has been service, I understand. My office called me because I found out what was going on. The process server is on their way to refile another return so there---
>
> THE COURT: She checked the computers and it is not there.
>
> MS. KOCH: And sometimes that happens. Things get misfiled or misplaced, but my process server has told me, he sent me verification. It was done on September 2nd, so that's—that's

---

[3] *In the Matter of the Marriage of Michelle Eguia and Fernando Javier Eguia*, No. 09-3981-B (117th Dist. Ct, Nueces County, Tex., Aug. 18, 2009) ("Michelle's divorce action").

[4] Although Michelle's motion to consolidate contains a certificate of service generally stating that "a true copy was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on November 5, 2009," the certificate of service does not specifically identify any attorney or party, and the record does not show Fernando was actually given notice or made an appearance with respect to the consolidation.

[5] The trial court's docket sheet includes a hand-written notation which states: "as of now no service on Fernandez [sic]—on 09-3981-B." No notice of the trial is included in the record, and the record shows that the State likewise did not attend the hearing.

**3**

already happened and we just need to let the paperwork catch up, and they are on their way up to the Court now to do that.

On November 18, 2009, a sworn "Affidavit of Service" was filed by a private process server attesting Fernando was served on September 2, 2009. On that same date, the private process server also filed a sworn "Affidavit of Lost Citation," attesting that as of November 18, 2009, the "Original Citation for Return has been misplaced, lost in the mail, or possibly left with the person served by mistake and can not [sic] be located." The affiant requested the "Affidavit of Service" be used in place of the Original Citation for Return.[6] On November 19, 2009, the trial court entered a default divorce judgment, thereby granting a divorce, establishing child custody, modifying child support, and making a marital property division between Michelle and Fernando.[7] On March 5, 2010, appellant filed his notice of restricted appeal.[8]

## II. STANDARD OF REVIEW

### A. Restricted Appeal

A restricted appeal is a direct attack on a default judgment. *Arnell v. Arnell,* 281 S.W.3d 549 (Tex. App.—El Paso 2008, no pet.); *Faggett v. Hargrove*, 921 S.W.2d 274, 276 (Tex. App.—Houston [1st Dist.] 1995, no writ). The record on appeal consists only of those documents on file with the trial court when the default judgment was entered.

---

[6] The record does not show that these affidavits were before the trial court during the trial.

[7] Michelle's counsel and the Office of the Attorney General signed the final decree of divorce, with the notation: "approved as to form only." The State did not file an appeal in this matter.

[8] Fernando's Notice of Restricted Appeal asserts that the underlying judgment of divorce is void because it was entered in violation of the bankruptcy court's automatic stay. After considering the Order Imposing Automatic Stay, we suspended and abated the appeal. On May 21, 2010, the bankruptcy court entered its Order Modifying Automatic Stay to Allow Prosecution of Divorce Proceeding and Appeal. We thereafter granted Fernando's Motion to Reinstate Appeal.

*Laas v. Williamson*, 156 S.W.3d 854, 857 (Tex. App.—Beaumont 2005, no pet.); *Stankiewicz v. Oca*, 991 S.W.2d 308, 311-12 (Tex. App.—Fort Worth 1999, no pet.). To succeed on restricted appeal, the appellant must establish that: (1) it filed the notice of restricted appeal within six months after the final judgment is signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) the error complained of is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 849 (Tex. 2004); *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex. 1985); *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.—Corpus Christi 2003, no pet.).

## B. Bankruptcy Court's Automatic Stay

The filing of a bankruptcy has a two-fold effect. First, it creates a bankruptcy estate comprised of all of the debtor's property. 11 U.S.C.A. § 541 (a)(1) (West 2011). Second, it imposes an automatic stay, which prohibits the commencement or continuation of any judicial action or proceeding against the debtor and any property within the debtor's bankruptcy estate. 11 U.S.C.A. §362(a) (West 2011). The bankruptcy stay is effective upon filing of the petition, regardless of whether the court or the other parties to the stayed action are cognizant of the bankruptcy. *See Marroquin v. D&N Funding, Inc.*, 943 S.W.2d 112, 115 (Tex. App.—Corpus Christi 1997, no pet.); *Huddleston v. Texas Commerce Bank-Dallas, N.A.*, 756 S.W.2d 343, 345 (Tex. App.—Dallas 1988, writ denied). The bankruptcy stay deprives state courts of jurisdiction over proceedings against the debtor and his property until the stay is lifted or modified. *See*

*Baytown State Bank v. Nimmons*, 904 S.W.2d 902, 905 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *see also Lovall v. Gow-Ming Chao*, No. 01-02-01019-CV, 2005 Tex. App. LEXIS 415, at *3 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (mem. op., not designated for publication). All state court actions taken against a debtor in violation of an automatic stay, pursuant to the bankruptcy code, are void, not voidable. *See Howell v. Thompson,* 839 S.W.2d 92, 92 (Tex. 1992); *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988); *In re De La Garza*, 159 S.W.3d 119, 121 (Tex. App.—Corpus Christi 2004, no pet.). While it is unnecessary to appeal from a void judgment, it is nevertheless settled that an appeal may be taken and that the appellate court in such a proceeding may declare the judgment void. *See State ex. Re. Latty*, 907 S.W.2d 484, 486 (Tex. 1995); *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 543 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

## III. ANALYSIS

The record shows that the notice of restricted appeal was filed within six months after the final judgment was signed, and that Fernando was a party to the underlying lawsuit, but that he did not participate in the hearing which resulted in the judgment complained of, and that he did not file any post-judgment motions or requests for findings of fact and conclusions of law. Therefore, our discussion will center solely on whether the error complained of is apparent from the face of the record.

### A. Maintenance and Division of Marital Property

By his third issue, Fernando argues the trial court erred in granting a default judgment where the record "on its face" shows that the default judgment violated an order imposing automatic stay pursuant to a bankruptcy proceeding.

6

The order of automatic stay was entered on October 20, 2008, and the final decree of divorce was entered on November 19, 2009. The final decree of divorce includes an award of child support and a division of marital property. In this regard, the divorce decree's section entitled "Division of Marital Estate" includes a section dividing the debt which states:

Debts to Husband

IT IS ORDERED AND DECREED that the husband, FERNANDO JAVIER EGUIA, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

. . . .

H-3. *All payments due in relation to the bankruptcy filed in case number 08-20538-C-13* in Nueces County, Texas. (emphasis added).

The language included in the judgment shows that the trial court was aware of the bankruptcy proceeding, but nonetheless entered a judgment that included property which was a part of the bankruptcy estate. The trial court did not make any inquiry regarding the status of the parties' bankruptcy proceeding. Rather, the record is otherwise silent concerning the bankruptcy, and does not include an order from the bankruptcy court lifting the stay or any order that would allow the continuation of the parties' divorce proceeding.

Inasmuch as the trial court entered its judgment during the pendency of the parties' bankruptcy stay, the trial court's judgment is void to the extent it attempted to rule on matters relating to property that is part of the bankruptcy estate. Void orders may be circumvented by collateral attack or remedied by mandamus. *See Mapco, Inc.*

**7**

*v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding); *Sanchez v. Honorable Darrell Hester,* 911 S.W.2d 173, 176 (Tex. App.—Corpus Christi 1995, orig. proceeding). An appeal is "wholly unnecessary" to establish the invalidity of that aspect of the judgment. *See State v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam); *Eubanks v. Hand*, 578 S.W.2d 515, 517 (Tex. Civ. App.—Corpus Christi 1979, writ ref'd n.r.e.); *see also Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 543 (Tex. App.—Houston [1st Dist.] 2003, no writ); *In re T.G.*, 68 S.W.3d 171, 178 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Consequently, any judicial proceedings taken against the debtors in violation of the automatic stay are void, not voidable, regardless of whether the trial court had notice of the bankruptcy. *See Kalb v. Feuerstein*, 308 U.S. 433, 443 (1940); *Baytown State Bank v. Nimmons*, 904 S.W.2d 904, 905 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *S. County Mut. Ins. Co. v. Powell*, 736 S.W.2d 745, 749, 750 (Tex. App.—Houston [14th Dist.] 1987, no writ).

We are cognizant that the Fort Worth Court of Appeals has held that a collateral attack by restricted appeal could not succeed because the justice court record in that case did not show, on its face, that the justice court was without jurisdiction, was aware of the bankruptcy, or that the automatic stay affected that proceeding. *York v. State*, 298 S.W.3d 735, 745 (Tex. App.—Fort Worth 2009, pet. granted);[9] *see also Re A.G.G.,* 267 S.W.3d 165, 169 (Tex. App.—San Antonio 2008, pet. denied) (holding extrinsic evidence of applicability of automatic stay could not be considered because divorce decree, on its face, recited that the trial court had jurisdiction and no evidence in record of the divorce proceeding affirmatively showed that the automatic stay deprived the trial

---

[9] The Supreme Court of Texas has granted a petition for review on this issue, which is currently pending. *York v. State*, No. 09-0905, 2011 Tex. LEXIS 671, at *1 (Tex. 2011).

court of jurisdiction). We find that such an interpretation would make an otherwise "void" order merely "voidable," which is contrary to the Supreme Court's holding in *Continental Casing Corporation*, 751 S.W.2d at 501.

We hold that to the extent the trial court's judgment involved any property within the debtor's bankruptcy estate or which could affect the bankruptcy estate, the judgment is void. We sustain Fernando's third issue as to the issues of maintenance and the division of marital property.

### B. Dissolution of Marriage and Child Custody

In his first issue, Fernando argues the trial court erred and abused its discretion in granting a default judgment, and contends that the record "on its face" shows that the return of citation was not on file at least ten days, as is required by Rule 107 of the Texas Rules of Civil Procedure.

We have previously recognized that during the pendency of a federal bankruptcy proceeding, a state court has jurisdiction to hear matters pertaining to the dissolution of a marriage, but not to hear matters relating to property that is part of the bankruptcy estate. *See In re Surgent,* 133 S.W.3d 744, 749 (Tex. App.—Corpus Christi 2003, no pet); *see also In re Bowen*, No 2-03-338-CV, 2004 Tex. App. LEXIS 2521, at *2 (Tex. App.—Fort Worth 2004, no pet.) (mem. op). In *Surgent*, we noted that various bankruptcy courts have held that the automatic stay provision does not apply to divorce petitions because domestic relations is a matter peculiarly within the province of state law. *See Surgent,* 133 S.W.3d at 749; *In re Schock*, 37 B.R. 399, 400 (Bankr. D.N.D. 1984); *In re Cunningham*, 9 B.R. 70, 71 (Bankr. D.N.M. 1981). The bankruptcy courts have been careful to note that, although a petition for divorce in a state court is not

**9**

subject to the automatic stay, a state court does not have the right to make a determination or disposition of property that is part of the bankruptcy estate. *See Surgent,* 133 S.W.3d at 749. In that regard, appellate courts have jurisdiction to determine whether a case before it is subject to the automatic stay provision of section 362. See 11 U.S.C.A. § 362 (West 2011); *see also Surgent*, 133 S.W.3d at 750; *Bamberg v. Townsend*, 35 S.W.3d 85, 88 (Tex. App.—Texarkana 2000, no pet.). Therefore, this court has jurisdiction to consider the matters of the divorce proceeding that do not involve the bankruptcy estate.

Under the Texas Rules of Civil Procedure, the trial court cannot enter a default judgment unless the return of citation has been on file with the clerk for ten days before trial. TEX. R. CIV. P. 107. For a default judgment to withstand attack by restricted appeal, strict compliance with the rules for service of citation must affirmatively appear on the record. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *see also Re E.E.F.,* 13-09-00620-CV, 2010 Tex. App. LEXIS 3114, at *5 (Tex. App.—Corpus Christi April 29, 2010, no pet.) (mem. op.); *Maib v. Maib*, No. 13-08-00413-CV, 2009 Tex. App. LEXIS 4135, at *4 (Tex. App.—Corpus Christi June 11, 2009, no pet.) (mem. op.). The reviewing court will make no presumptions in favor of valid issuance, service, and return of service. *See Wachovia Bank of Del., Nat'l Ass'n v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007) (per curiam); *see also Brown v. Brown*, No. 14-11-00036-CV, 2012 Tex. App. LEXIS 253, at * 4 (Tex. App.—Houston [14th Dist.] Jan. 12, 2012, no pet.) (mem. op.); *Re E.E.F.*, 2010 Tex. App. LEXIS 3114, at *5.

Appellant contends the trial court erred because the record shows "on its face" that no return of citation had been on file at least ten days before the November 18, 2009 hearing. Rule 107 states, in relevant part:

> No default judgment shall be granted in any cause until the citation . . . with proof of service . . . shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.

To comply with rule 107, appellee must have filed the service of citation and the return of citation, which affirmatively proved service on appellant, at least ten days before the November 18, 2009 hearing. The only proof in the record related to service of process are the "Affidavit of Lost Citation" and the "Affidavit of Service" which were filed with the clerk on November 18, 2009, the same day as the hearing, not ten days before the hearing. Even if we are to consider these affidavits as proper service of citation and return of service, neither of these affidavits affirmatively prove that the service of citation and the return of citation were filed with the clerk ten days before the November 18, 2009 hearing.

The record in this case lacks any evidence indicating that appellee complied with the rules for service of process before the issuance of the default judgment. *See* TEX. R. CIV. P. 107. Absent any sort of evidence, the court erred in granting a default judgment in favor of appellee. The court's error is apparent on the face of the record. Accordingly, we sustain Fernando's first issue, but only insofar as it concerns matters which do not involve the bankruptcy estate.

Inasmuch as we have found reversible error, we do not address appellant's remaining issue on appeal. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We vacate and dismiss the default divorce judgment to the extent it makes determinations regarding the bankruptcy estate, including maintenance and marital property. We reverse the judgment to the extent it makes child custody and other non-bankruptcy estate determinations, and remand the case to the trial court for further proceedings consistent with this opinion.

_____
Gregory T. Perkes
Justice

Delivered and filed the
29th day of March, 2012.

**12**