

NUMBER 13-11-00616-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN THE INTEREST OF T.R.C. JR., A CHILD

**On appeal from the 343rd District Court
of San Patricio County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Rodriguez**

This is a restricted appeal in a suit affecting the parent-child relationship. *See* TEX. R. APP. P. 25.7, 26.1(c), 30. By two issues, appellant Thomas[1] contends that the trial court abused its discretion when (1) it denied his request for a bench warrant to appear in this suit filed by the Office of the Attorney General (OAG); and (2) when it did not allow his appearance by any other effective means. We affirm.

---

[1] We will refer to the appellant as Thomas and to his child as T.R.C. Jr. in accordance with rule of appellate procedure 9.8. *See* TEX. R. APP. P. 9.8(b).

## I. BACKGROUND[2]

Thomas, who was incarcerated and proceeding pro se, answered the OAG's suit and requested a bench warrant to appear in court. The record does not reflect an explicit ruling on Thomas's request, but the trial court notified Thomas of the trial setting and proceeded to trial without issuing the bench warrant.[3]

Thomas did not appear at trial, and the court rendered a default judgment against him. The judgment appointed the mother and Thomas joint managing conservators of their child, T.R.C. Jr., and set the terms of conservatorship and access. The judgment also ordered Thomas to pay current child support of $216 per month, cash medical support of $57 per month, and no retroactive support. Thomas did not file any post-judgment motions and did not request findings of fact and conclusions of law. *See id.* at R. 25.1(d)(7), 30 (both requiring that a notice of appeal in a restricted appeal state that the appellant did not participate in the hearing that resulted in the judgment and the appellant did not timely file a post judgment motion or notice of appeal). Within six months after the judgment was signed, Thomas filed a notice of restricted appeal. *See id.* at R. 26.1(c) (providing that in a restricted appeal, notice must be filed within six months after the judgment or order is signed).

---

[2] Because all issues of law are settled, our memorandum opinion only advises the parties of the Court's decision and the basic reasons for it. *See id.* at R. 47.4.

[3] The docket entry for the initial February 23, 2011 hearing includes the following notation: "Bench warrant denied – Resp.'s appearance and testimony are not necessary under these circumstances." The trial court did not issue a written order denying the bench warrant request. The case was reset to April 20, 2011 because, as indicated on the docket sheet, Thomas was entitled to forty-five days' notice. The order resetting the case for a trial on the merits was signed the day of the hearing, and the docket sheet reflects that notice of the trial was sent on March 1, 2011.

## II. THE LAW

### A. Restricted Appeal

"A restricted appeal is a direct attack on a default judgment." *Eguia v. Eguia*, 367 S.W.3d 455, 458 (Tex. App.—Corpus Christi 2012, no pet.). To succeed on restricted appeal, the appellant must establish that: (1) he filed the notice of restricted appeal within six months after the final judgment is signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) the error complained of is apparent on the face of the record. *See* TEX. R. APP. P. 25.7, 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 849 (Tex. 2004); *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex. 1985); *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.—Corpus Christi 2003, no pet.).

In this case, the record shows that the notice of restricted appeal was filed within six months after the default judgment was signed, that Thomas was a party to the underlying lawsuit, but did not participate in the hearing which resulted in the complained-of judgment, and that he did not file any post-judgment motions or requests for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(c), 30. Therefore, our discussion will center solely on whether the error complained of is apparent from the face of the record. *See Alexander*, 134 S.W.3d at 849.

### B. Bench Warrant

We review a trial court's decision on an inmate's request for a bench warrant for an abuse of discretion. *See In re Z.L.T.*, 124 S.W.3d at 165. The test for abuse of discretion is whether the trial court's ruling is arbitrary, unreasonable, or without reference

3

to any guiding rules or legal principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

It is well settled that litigants cannot be denied access to the courts merely because they are inmates. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). "However, an inmate does not have an absolute right to appear in person in every court proceeding." *Id.; see In re D.D.J.*, 136 S.W.3d 305, 311 (Tex. App.—Fort Worth 2004, no pet.) (explaining that an inmate, whether plaintiff or defendant in a civil action, does not have an automatic right to appear personally in court); *see also Jackson v. Neal*, No. 13-07-00164-CV, 2009 Tex. App. LEXIS 370, at *14 (Tex. App.—Corpus Christi Jan. 22, 2009, no pet.) (mem. op.) (same). Rather, in determining whether a personal appearance is warranted, the trial court must balance the prisoner's right of access to the courts against the government's interest in protecting the integrity of the correctional system. *In re Z.L.T.*, 124 S.W.3d at 165; *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 649 (Tex. App.—Austin 2002, pet. denied).

When deciding whether to grant an inmate's request for a bench warrant, Texas courts apply the factors articulated by the Seventh Circuit in *Stone v. Morris*, 546 F.2d 730, 735-36 (7th Cir. 1976). *In re Z.L.T.*, 124 S.W.3d at 165. These factors include the costs and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and the public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether

4

the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits. *Id.*; *Heine*, 92 S.W.3d at 650. It is the inmate's burden to show the trial court why his presence is warranted. *In re Z.L.T.*, 124 S.W.3d at 166; *In re A.W.*, 302 S.W.3d 925, 929 (Tex. App.—Dallas 2010, no pet.).

## III. DISCUSSION

### A. Request for a Bench Warrant to Appear in Person at the Hearing

By his first issue, Thomas complains that the trial court abused its discretion in denying his request for a bench warrant. Although the trial court did not rule on Thomas's motion, after the initial February 23, 2011 hearing, it is undisputed that the trial court notified Thomas of the April trial setting. By proceeding to trial without issuing a bench warrant, the trial court implicitly denied Thomas's request. *See In re Z.L.T.*, 124 S.W.3d at 165.

Importantly, based on our review of the record, Thomas did not address any of the *Stone* factors in his request for a bench warrant. *See id.*, 124 S.W.3d at 166; *In re A.W.*, 302 S.W.3d at 929. Thomas presented no factual information that would have enabled the trial court to balance all of the *Stone* factors. Because Thomas failed to meet his burden to prove his entitlement to a bench warrant, we cannot say the trial court abused its discretion by implicitly denying Thomas's request for a bench warrant. *See In re Z.L.T.*, 124 S.W.3d at 166 (concluding that the trial court did not abuse discretion in denying a bench warrant where the inmate listed the *Stone* factors but failed to provide factual information showing how his interest in appearing outweighed its impact on the correctional system); *In re A.W.*, 302 S.W.3d at 929-30 (determining that despite a strong

showing regarding the inmate's claims and testimony, in the absence of a factual showing concerning transportation and safety, the trial court did not abuse its discretion in denying the motion for a bench warrant); *In re D.D.J.*, 136 S.W.3d at 312 (holding that the trial court did not abuse its discretion in denying a bench warrant where an inmate cited *Stone* factors but did not provide sufficient factual information to enable the court to balance the factors); *see also Jackson*, 2009 Tex. App. LEXIS 370, at *16 ("Because [appellant] failed to meet his burden to prove his entitlement to a bench warrant, we cannot say the trial court abused its discretion in implicitly denying Phillip's request for a bench warrant."). Having so concluded, Thomas cannot succeed in this restricted appeal because we find no error on the face of the record in this regard. *See Alexander*, 134 S.W.3d at 849. We overrule Thomas's first issue.

## B.    Appearance by Other Effective Means

By his second issue, Thomas contends that the trial court abused its discretion by not allowing his appearance by other effective means. We disagree.

To be entitled to appear in person or through an alternate means, such as telephonic or video communications technology, the burden rests on the prisoner-inmate to request access to the court through these alternate means and also to demonstrate why a trial court should authorize them. *See also Graves v. Atkins*, No. 01-04-00423, 2006 Tex. App. LEXIS 10975, at *7-8 (Tex. App.—Houston [1st Dist.] Dec. 21, 2006, no pet.) (mem. op.) (citing *In re Z.L.T.*, 124 S.W.3d at 166). Our review of the record reveals that Thomas made no request to appear by alternative means, such as by telephone conference, deposition, or affidavit. *See In re Z.L.T.*, 124 S.W.3d at 166; *see also Graves*, 2006 Tex. App. LEXIS 10975, at *7-8*. And we find nothing in the record that we

can construe as such a request. *Cf. In re Daugherty*, 42 S.W.3d 331, 336 (Tex. App.—Texarkana 2001, no pet.) (construing Daugherty's request in a motion for continuance that the trial court consider "an alternative dispute resolution by means of a conference call" as a request "to participate in the trial in some manner" and determining that the trial court abused its discretion by refusing to allow Daugherty to participate in the trial in some meaningful way). Thus, we conclude Thomas waived this issue. *See* TEX. R. APP. P. 33.1(a). Further, even had Thomas made such a request, we find no factual support provided by Thomas that would demonstrate to the trial court why it should authorize such an alternate appearance. *See In re Z.L.T.*, 124 S.W.3d at 166; *see also Graves,* 2006 Tex. App. LEXIS 10975, at *7-8. We overrule Thomas's second issue.

## IV. CONCLUSION

We affirm the trial court's order.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
16th day of August, 2012.

7