

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00394-CV

Leopoldo **PAEZ** d/b/a The Colors Lath & Plaster,
Appellant

v.

**TRENT SMITH CUSTOM HOMES, LLC**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-18787
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
    Marialyn Barnard, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed:  March 19, 2014

AFFIRMED

Appellant Leopoldo Paez d/b/a The Colors Lath & Plaster brings this restricted appeal from the trial court's no-answer default judgment in favor of appellee Trent Smith Custom Homes, LLC ("TSCH").  On appeal, Paez contends the evidence is legally and factually insufficient: (1) to establish TSCH suffered any damages as a result of a breach by Paez; and (2) to support the award of attorney's fees.  We affirm the trial court's judgment.

**BACKGROUND**

TSCH filed suit against Paez to recover for an alleged breach of contract, breach of warranty, negligent misrepresentation, fraudulent inducement, and violations of the Texas Deceptive Trade Practices Act. TSCH also sought to recover attorney's fees based on the alleged breach of contract. According to the petition, TSCH and Paez entered into an agreement pursuant to which Paez agreed to furnish lath and plaster work in connection with a construction project. TSCH claimed Paez represented he would complete the work in approximately ten weeks, and would be "personally present" at the job site throughout the process. In exchange for the lath and plaster work, TSCH would pay Paez $96,000.00.

TSCH claimed Paez failed to supply sufficient qualified labor to timely perform the job, and Paez failed to supervise the work — "he was never consistently present at the job site." Moreover, TSCH asserted the work performed by Paez was "defective, had poor finish quality, and was ultimately rejected in substantial part."

TSCH gave notice of the deficient performance, warning Paez that if the problems were not remedied, TSCH would terminate the contract and contract with someone else to repair and complete the lath and plaster work. TSCH claimed Paez assured TSCH he would correct and complete the work as originally promised. However, according to TSCH, Paez failed to live up to his assurances, and as a result, TSCH terminated the contract.

According to the petition, at the time Paez was terminated, TSCH had paid him $72,000.00. As a result of Paez's failure to perform, TSCH had to secure the performance of another contractor to repair and complete the lath and plaster work on the project. Based on the amount paid to Paez and the amount spent to complete the work, TSCH sought $72,000.00 in damages "arising from [Paez's] defective and deficient performance and their failure to perform as agreed."

The record establishes Paez was properly served with citation, but failed to answer. Accordingly, on February 8, 2013, after a hearing, the trial court granted a default judgment in favor of TSCH. The trial court awarded TSCH $72,000.00 in damages, trial attorney's fees in the amount of $2,500.00, and conditional appellate attorney's fees. Paez did not file a motion for new trial or any other postjudgment motions, a request for findings of fact and conclusions of law, or a timely notice of appeal. Rather, Paez filed a notice of restricted appeal on June 18, 2013, seeking to set aside the default judgment.

### ANALYSIS

As noted in the introduction, Paez raises two issues on appeal, contending the evidence is legally and factually insufficient: (1) to establish TSCH was damaged because of Paez's alleged breach; and (2) to support the award of attorney's fees.

A restricted appeal is a direct attack on a default judgment. *Eguia v. Eguia*, 367 S.W.3d 455, 458 (Tex. App.—Corpus Christi 2012, no pet.); *Whitaker v. Rose*, 218 S.W.3d 216, 219 (Tex. App.—Houston [14th Dist.] 2007, no pet.). To succeed on a restricted appeal, the appealing party must establish: (1) he filed a notice of restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the judgment complained of, and did not timely file any postjudgment motions or a request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); *Eugia*, 367 S.W.3d at 458; *see also* TEX. R. APP. P. 26.1(c) (stating that in restricted appeal, notice of appeal must be filed within six months of date judgment or order is signed); TEX. R. APP. P. 30 (stating party who did not participate in hearing that resulted in judgment complained of and who did not timely file postjudgment motions, request for findings of fact and conclusions of law, or notice of appeal, may filed restricted appeal).

An appellant must satisfy each element of a restricted appeal because each element is mandatory and jurisdictional. *Ibarra v. City of Laredo*, Nos. 04-11-00035-CV & 04-11-00037-CV, 2010 WL 3025709, at *4 (Tex. App.—San Antonio July 25, 2012, pet. denied) (mem. op.) (citing *Serna v. Webster*, 908 S.W.2d 487, 491 (Tex. App.—San Antonio 1995, no writ)); *Agraz v. Carnley*, 143 S.W.3d 547, 551 (Tex. App.—Dallas 2004, no pet.).

The parties seem to agree Paez satisfied the first three elements: notice of appeal filed within six months of the judgment, party to the suit, no participation in the hearing that resulted in the judgment complained of, and no postjudgment motions or a request for findings of fact and conclusions of law filed. *See Lejeune*, 297 S.W.3d at 255; *B.H.B.*, 336 S.W.3d at 305. Moreover, the record supports these elements. Therefore, this appeal considers whether the errors alleged by Paez are apparent from the face of the record. The face of the record includes all papers on file in the appeal, e.g., the documents in the clerk's record and the reporter's record. *Whitaker*, 218 S.W.3d at 220 (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)); *cf. Eguia*, 367 S.W.3d at 458 (holding that "face of the record" consists of papers on file with trial court at time judgment rendered).

### *Damages*

We begin by noting that Paez is not challenging the sufficiency of the evidence to support the *amount* of damages. Rather, he contends TSCH was not entitled to judgment because the evidence is insufficient to establish any action or inaction by Paez resulted in any damage to TSCH. As Paez states in his brief: (1) "[n]owhere during this examination is the witness asked if the Plaintiff suffered any damages or whether it actually paid any amount to anyone else because of Defendant's failure to perform in accordance with the contract made the subject of this suit;", and (2) "the testimony never does clearly establish that Plaintiff was damaged as a result of any breach of contract by Defendant." In other words, Paez contends there is no evidence his alleged breach

caused any of TSCH's injuries. *See Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 531 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984)).

It is well-established that when a plaintiff obtains a default judgment against a non-answering defendant on a claim for unliquidated damages, all factual allegations in the petition are deemed admitted, except for the amount of damages. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009); *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 242 S.W.3d 67, 72 (Tex. App.—San Antonio 2007, pet. denied). Accordingly, a non-answering defendant may not challenge liability because the causal nexus between the conduct and the event sued upon is admitted. *Whitaker*, 281 S.W.3d at 221 n.1 (citing *Morgan*, 675 S.W.2d at 732). However, in addition to proving the actual amount of damages, the plaintiff must establish the event sued upon caused the damages alleged because this "is part and parcel of proving the amount of damages to which the plaintiff is entitled." *Morgan*, 675 S.W.2d at 732. In other words, a "defaulting defendant does not admit that the event sued upon causes any of the plaintiff's alleged injuries." *Id.* Thus, although TSCH specifically pled Paez provided defective and deficient performance and as a result, TSCH terminated Paez, forcing TSCH to hire a replacement contractor to complete the work, TSCH still had to prove the claimed breach *caused* the $72,000.00 in damages awarded by the trial court.

An appellant in a restricted appeal from a default judgment is entitled to challenge the legal and factual sufficiency of the evidence. *Brown v. Ogbolu*, 331 S.W.3d 530, 535 (Tex. App.—Dallas 2011, no pet.) (citing *Norman Commc'ns*, 955 S.W.2d at 270). When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder could

and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See id.* The factfinder is the only judge of witness credibility and the weight to give to testimony. *See id.* at 819.

When reviewing a challenge to the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). After considering and weighing all the evidence, we set aside the fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *GTE Mobilnet of S. Tex. v. Pascouet*, 61 S.W.3d 599, 615–16 (Tex. App.— Houston [14th Dist.] 2001, pet. denied). We may not substitute our own judgment for that of the trier of fact, even if we would reach a different answer on the evidence. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment. *Pascouet*, 61 S.W.3d at 616.

Trent Smith testified at the default hearing on behalf of TSCH. He stated he had read the petition and the facts stated therein were true. Mr. Smith explained that TSCH entered into a contract with Paez under which Paez would furnish lath and plaster work for a construction project. In exchange for the lath and plaster work, TSCH would pay Paez $96,000.00. Mr. Smith testified Paez failed to supply sufficient and qualified labor to timely perform the work contracted for, and he failed to supervise the work as agreed. Mr. Smith stated Paez's work was of poor quality and was rejected by the owner of the property. According to Mr. Smith, as a result of Paez's actions, TSCH was forced to hire a replacement subcontractor to complete the lath and plaster work. Mr. Smith testified the cost of the replacement contractor was $96,000.00, which was $72,000.00

above and beyond the remaining balance available for the lath and plaster work. TSCH sought to recover the $72,000.00, which was the amount TSCH had already paid to Paez at the time of he was terminated.

We hold this testimony was sufficient to establish Paez's breach caused TSCH's damages. Mr. Smith testified Paez committed a breach, forcing TSCH to hire and pay another party to complete the work. This resulted in damages to TSCH in the amount of $72,000.00. Accordingly, we hold Paez's claim that there was insufficient evidence to establish a causal nexus between the breach and TSCH's damages is without merit.

### *Attorney's Fees*

Paez also contends the evidence is legally and factually insufficient to support the trial court's award of attorney's fees. Specifically, Paez argues the attorney's affidavit is insufficient because "it fails to set forth sufficient details of the work performed such as documentation of services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." In support of his contention, Paez relies on the supreme court's decision in *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012).

We begin our analysis by holding that *El Apple I* does not apply here. In that case, the Texas Supreme Court stated it was considering the calculation of attorney's fees in an employment discrimination and retaliation suit brought under the Texas Commission on Human Rights Act. *Id.* at 758. As recognized by the court, "the TCHRA includes a fee-shifting provision that allows a prevailing party to recover reasonable attorney's fees as part of the costs of pursuing the claim." *Id.* at 758–59. The court then specifically stated that "[t]o calculate attorney's fees *under the TCHRA*, Texas courts utilize the lodestar method[.]" *Id.* at 759 (emphasis added). This method multiplies the number of hours the attorney worked by the prevailing hourly rates. *Id.* If this calculation does not reflect a reasonable fee, a multiplier may be applied. *Id.*

The case before this court is not a suit under the TCHRA or any other statute that contains a fee-shifting provision that employs the lodestar method. *See, e.g., City of Laredo v. Montano*, 414 S.W.3d 731, (applying lodestar method in case involving fee-shifting provision in Texas Property Code). Rather, this case involves a garden-variety breach of contract claim in which the prevailing party sought to recover damages as well as attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. Section 38.001(8) permits recovery of reasonable attorney's fees for claims based on a contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008). Accordingly, we hold the lodestar method used by the supreme court in *El Apple I* does not apply here.

In support of its claim for attorney's fees, TSCH presented the affidavit of its attorney, Thomas J. Walthall Jr. Mr. Walthall averred that he is a member in good standing of the Texas Bar and has engaged in the private practice of law in Bexar County, Texas for more than thirty years. He stated he is familiar with the amount of attorney's fees customarily charged for this type of litigation, and that the fee requested is reasonable, usual, and customary. Mr. Walthall then states that in his opinion, "the sum of TWO THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($2,500.00) is a reasonable, usual and customary attorney's fee for legal services rendered through the date of the Default Judgment herein." He goes on to opine that $15,000.00 is reasonable, usual, and customary fee in the event Paez is unsuccessful in appeal to the court of appeals. In the same vein, he provides amounts for the filing of an unsuccessful appeal to the Texas Supreme Court.

Although we agree the affidavit is not a model of specificity, failing to include even a bare reference to the work performed, the hours spent, or the hourly rate, we hold it provides sufficient evidence to uphold award of attorney's fees in this case. In *Froemming v. Perez*, the trial court granted a default judgment in favor of the plaintiff and the defendant appealed. No. 04-05-00514-

CV, 2006 WL 704479, at *6 (Tex. App.—San Antonio Mar. 22, 2006, no pet.) (mem. op.).  On appeal, the defendant challenged, among other things, the sufficiency of the evidence to support the award of attorney's fees.  *Id.*

Although there was no testimony at the default judgment hearing with regard to attorney's fees, this court held that because the trial court "may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence," there was sufficient evidence to support the $5,000.00 award of attorney's fees.  *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.001(8), 38.004(1)).  Moreover, although the trial court did not announce it was taking judicial notice, we held we could presume it did.  *Froemming*, 2006 WL 704479, at *6 (citing *Lefton v. Griffith*, 136 S.W.3d 271, 279–80 (Tex. App.—San Antonio 2004, no pet.)).

Having upheld an award of attorney's fees in a default judgment where there was no evidence, based on the trial court's ability to take judicial notice of the usual and customary fees and the court's file, it would be illogical to hold the evidence is insufficient when the plaintiff presents some evidence and we presume the trial court took judicial notice of the usual and customary attorney's fees and the file.  We therefore hold the evidence is legally and factually sufficient to support the award of trial attorney's fees.  TSCH is also entitled to an additional award of $15,000.00 in attorney's fees for a successful appeal to this court.

### CONCLUSION

Based on the foregoing, we overrule Paez's issues and affirm the trial court's judgment.


Marialyn Barnard, Justice