

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00117-CV
_____

CHESTER T. CARTHEL D/B/A CARTHEL ENGINEERING SOLUTIONS, APPELLANT

V.

ROBERT AND LINDA NEIDERT, APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2017-526,408; Honorable William C. Sowder, Presiding

January 15, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and SCHAAP[1], JJ.

This is a restricted appeal from a no-answer default judgment rendered in favor of Appellees, Robert and Linda Neidert, and against Appellant, Chester T. Carthel d/b/a Carthel Engineering Solutions. Carthel argues reversible error is apparent on the face of the record because the Neiderts failed to comply with the "certificate of merit" requirement of Civil Practice and Remedies Code section 150.002(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (a) (West Supp. 2019) (requiring the complaint in any dispute arising

---

[1] Honorable Dan L. Schaap, Judge, 47th District Court, sitting by assignment.

out of the provision of services by a licensed or registered professional to file a "third-party affidavit" setting forth the theory of recovery and factual basis for each claim).[2] Because we find the entry of a default judgment in this case to be error apparent on the face of the record, we sustain two of Carthel's appellate issues and reverse the judgment of the trial court.

## BACKGROUND

In 2011, the Neiderts sought to purchase a residence in Lubbock. While moving toward that end, their home inspector noted the presence of cracks in the foundation and recommended a further inspection by a *qualified professional*. The Neiderts' realtor retained Carthel to perform a *structural evaluation*. In communications with the Neiderts' realtor, Carthel attributed most of the cracks in the structure found by the home inspector to severe cold weather and extended summer heat. According to the testimony given by Robert Neidert, Carthel believed the cracks were "seasonal" and, if repaired, would not reappear. As such, Carthel did not find a foundation problem.

After receiving Carthel's report,[3] the Neiderts purchased the house. About a year to a year-and-a-half later, they noticed the same cracks reappearing as well as some exterior cracks not previously seen. They retained a different engineering firm, which concluded in its August 25, 2016 report that the Neiderts' house had "experienced settling of the foundation system as evidenced throughout the exterior . . . ." The report further

---

[2] Unless otherwise provided, future references herein to "section" or "§" are references to the Texas Civil Practice and Remedies Code.

[3] Neidert also testified that Carthel's report was reduced to writing. A copy of that report was not, however, included in the record.

opined that the "nature of these cracks . . . [were] typical of settling conditions at the corners where larger roof and floor loads are located."

On July 18, 2017, with the 2016 engineering report already in hand, the Neiderts filed suit against Carthel seeking damages for negligence, negligent misrepresentation, violations of the Deceptive Trade Practices-Consumer Protection Act (DTPA), and breach of contract. They did not, however, file a third-party affidavit setting forth their theory of recovery or the factual basis for each claim as required by section 150.002(a).

While the record does not contain proof that Carthel was properly served with process, the parties do not dispute this fact.[4] It is likewise undisputed that Carthel did not answer or otherwise appear in opposition to the Neiderts' lawsuit. Although not shown by a separate order, there is a record indication that on September 25, 2017, the trial court rendered a default judgment as to liability against Carthel. On November 17, 2017, the trial court conducted an evidentiary hearing for purposes of offering proof of the Neiderts' unliquidated damages. A final default judgment was then signed on November 27, 2017, which awarded the Neiderts damages of $122,636.20 and attorney's fees of $5,276.32. Carthel did not participate in either hearing, nor did he participate in any other proceedings, file any post-judgment motions, request any findings of fact and conclusions of law, or timely file a notice of appeal. Instead, on April 11, 2018, Carthel filed a notice of restricted appeal.

---

[4] The Neiderts attached what appears to be a copy of an affidavit of service and citation to their brief. These items were not, however, included in the appellate record. As such, we are unable to give them consideration. *See, e.g., Till v. Thomas*, 10 S.W.3d 730, 733-34 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (stating an appellate court "cannot consider documents attached to an appellate brief that do not appear in the record").

A restricted appeal provides a party that did not participate at trial the opportunity to correct an erroneous judgment. *Richardson-Wiggins v. AH4R Props. Two, L.L.C.*, No. 02-15-00158-CV, 2016 Tex. App. LEXIS 1467, at *2 (Tex. App.—Fort Worth Feb. 11, 2016, no pet.) (mem. op.). As such, it is considered a direct attack on a default judgment. *Eguia v. Eguia*, 367 S.W.3d 455, 458 (Tex. App.—Corpus Christi 2012, no pet.). A party may prevail in a restricted appeal only if the following conditions are satisfied: (1) he has filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing TEX. R. APP. P. 26.1(c), 30, and *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (per curiam)).

Here, the first through third requirements of a restricted appeal are satisfied without dispute. The focus of our analysis, therefore, is whether reversible error is apparent on the face of the record. *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991) (per curiam). The "face of the record" consists of the papers on file with the trial court when it rendered judgment, including the clerk's and reporter's records. *See Miles v. Peacock*, 229 S.W.3d 384, 387 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.). *See also Norman Communs v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (applying former writ of error procedure). Accordingly, an appellate court may not consider

4

evidence in a restricted appeal unless it was before the trial court when judgment was rendered. *Campsey*, 111 S.W.3d at 771. Furthermore, "a restricted appeal requires error that is *apparent*, not error that may be *inferred.*" *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (per curiam) (emphasis in original).

Chapter 150 of the Texas Civil Practice and Remedies Code pertains to suits brought against certain licensed and registered professionals, including a licensed professional engineer. TEX. CIV. PRAC. & REM. CODE ANN. §§ 150.001-.004 (West Supp. 2019). "In every suit or arbitration for damages arising out of the provision of professional services by a licensed or registered professional," the plaintiff must file the affidavit of a third-party professional, called a "certificate of merit," with its complaint setting forth each theory of recovery and the factual basis of each claim. *Id.* at § 150.002(a), (b). A "'[l]icensed or registered professional' means a licensed architect, licensed professional engineer, registered professional land surveyor, registered landscape architect, or any firm in which such licensed or registered professional practices . . . ." *Id.* at § 150.001(1-c). This chapter of the Code further provides that the "defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of [the third-party] affidavit." *Id.* at § 150.002(d). In addition, the failure to file a certificate of merit "in accordance with this section *shall* result in dismissal of the complaint against the defendant. This dismissal may be with prejudice." *Id.* at § 150.002(e) (emphasis added).

**ANALYSIS**

By three issues, Carthel contends that (1) the error is apparent on the face of the record, (2) the case should have been dismissed as a matter of law, and (3) any testimony

offered at trial does not substitute for the requirements of the statute. We will address these issues in a logical rather than sequential order.

By his first and third issues, Carthel argues the Neiderts failed to file the mandatory certificate of merit required by section 150.002(a) and the testimony offered at trial does not meet the requirements of that section. We agree.

At the hearing on non-liquidated damages, the Neiderts offered the testimony of George Timothy Patrick Murfee, a real estate appraiser to establish the extent to which the existence of structural defects negatively impacted the fair market value of their property. Although the Neiderts have not contended that this testimony is a viable substitute for the statutorily required certificate of merit, Carthel argues the appraiser was incompetent to offer an opinion under section 150.002(a) as the Neiderts' theory of recovery or the factual basis for their claim because he was not a licensed professional engineer. The purpose of chapter 150 is to ferret out non-meritorious claims based upon the services of a licensed professional at the earliest possible moment. To serve that purpose, the statute requires that a certificate of merit be filed with the complaint so that the defendant can determine the merits of the claim and seek an early dismissal where there is no meritorious claim. As such, the oral testimony of any witness, no matter when it is offered, is insufficient to meet the purposes of the statute.

Here, a simple review of the record shows that the Neiderts sought and obtained the services of a "qualified *professional* . . . to perform a *structural examination* of the Property (the 'Examination')." (Emphasis added). They then brought suit against "Chester T. Carthel, an individual doing business as *Carthel Engineering Solutions*" on

the very basis of that examination. (Emphasis added). As such, it is apparent that their claim against Carthel was based on services he provided in his capacity as a licensed engineer. Because it is undisputed that the Neiderts did not file a certificate of merit, Carthel was not required to file an answer to the complaint. *Id.* at § 150.002(d). Where no answer was required to be filed, a trial court errs in entering a default judgment. *See* TEX. R. CIV. P. 239 (providing that a plaintiff may take a default judgment "at any time *after* a defendant is required to answer . . . .") (Emphasis added). Accordingly, error is apparent on the face of the record. Issues one and three are sustained.

By his second issue, Carthel argues the Neiderts' claims should have been dismissed as a matter of law because they did not file the required statutory affidavit. While section 150.002(e) does provide that the "Plaintiff's failure to file the affidavit in accordance with this section *shall* result in dismissal of the complaint against the defendant," the statute is silent as to when a trial court would be required to impose that sanction. Where, as here, the Neiderts, as plaintiffs, prematurely sought and obtained a default judgment before the trial court could consider whether to dismiss their complaint, we cannot fault the trial court for the failure to dismiss the Neiderts' complaint. Issue two is overruled.

## CONCLUSION

We reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

7