In Re CROW–BILLINGSLEY AIR PARK, LTD., Crow–Billingsley Berkeley, Ltd., Henry Billingsley, and Lucy Billingsley, Relators.

No. 02–0311.

Supreme Court of Texas.

Feb. 13, 2003.

Rehearing Denied March 27, 2003.

Stephanie Michelle Dooley, Tod B. Edel, Christopher John Akin, Carrington Coleman Sloman & Blunenthal, Dallas, for Relator.

David W Elrod, Elizabeth L. Reding, Rochelle Elrod Hutcheson, LLP, Dallas, for Respondent.

PER CURIAM.

The relators in this original proceeding, Crow–Billingsley Air Park, Ltd., Crow–Billingsley Berkeley, Ltd., Henry Billingsley, and Lucy Crow–Billingsley (collectively "Billingsley"), seek a writ of mandamus directing the trial court to enforce its final judgment in the underlying case involving a disputed zoning committee election. Because the trial court abused its discretion by failing to enforce its unsuperseded final judgment, we conditionally grant the writ.

Air Parks Estates is a residential and commercial subdivision subject to certain restrictive covenants. These covenants established the Air Park–Dallas Zoning Committee ("Zoning Committee"), an unincorporated association, and gave it certain

powers. The Zoning Committee's membership includes three members who are elected biennially by a majority vote of the lot owners on a one vote per lot basis.

Billingsley, who owns a large number of lots in Air Parks Estates, sued the Zoning Committee, in part, to enjoin the June 2000 Zoning Committee election, alleging that Billingsley was wrongly being denied the right to participate in the upcoming election. After a bench trial, the district court rendered judgment on July 23, 2001, ordering a Zoning Committee election to be held on September 21, 2001, and making various rulings as to Billingsley's eligibility to vote and run for a place on the Zoning Committee. On September 5, 2001, the Zoning Committee, attempting to stay the election, filed a motion asking the court to set security. Billingsley responded with a motion to require the Committee's attorney to show authority. TEX.R. CIV. P. 12. Following an evidentiary hearing, the court granted the motion and struck the Committee's motion to set security. The Zoning Committee never refiled its motion. On September 19, the court ordered the election to proceed as previously ordered, but the results of the election were suspended until further order of the court and a determination by the court that the election procedure complied with the terms of the July 23rd final judgment.

On the day of the September 21st election, Billingsley filed a motion to enforce the judgment, seeking a declaration of the election winners under the terms of the July 23rd final judgment. But both the Zoning Committee and Billingsley had taken actions before the election that may have affected the eligibility of certain Billingsley lots to cast votes. Thus, in order to declare the winners of the election, the trial court needed to conduct an evidentiary hearing to determine what lots were eligible to vote according to the terms of the July 23rd judgment. Before the trial court ruled on the motion to enforce, both the Zoning Committee and Billingsley appealed the July 23rd judgment. The Zoning Committee then filed a motion in the trial court to dismiss the enforcement motion, arguing that the court had no continuing jurisdiction to hear it. The court granted the motion to dismiss for lack of jurisdiction. This left the result of the court-ordered election unresolved even though the judgment had not been superseded.

 A trial court has an affirmative duty to enforce its judgment. TEX.R. CIV. P. 308. And the Declaratory Judgments Act expressly empowers a trial court to make supplemental rulings to aid enforcement of a declaratory judgment. TEX. CIV. PRAC. & REM.CODE § 37.011. Our procedural rules allow a judgment debtor to supersede a judgment, thereby suspending enforcement, by posting security set by the trial court, not by merely filing an appeal. TEX.R.APP. P. 24.1, 24.2(a)(3). Accordingly, we hold that the trial court had jurisdiction to hear the motion to enforce its final judgment, despite the fact that the judgment had been appealed.

 Mandamus is an extraordinary remedy available only in limited circumstances to correct a clear abuse of discretion or the violation of a duty imposed by law when the relator has no adequate remedy by appeal. *Republican Party of Texas v. Dietz,* 940 S.W.2d 86, 88 (Tex.1997); *Walker v. Packer,* 827 S.W.2d 833, 839–44 (Tex.1992). A party is entitled to mandamus relief to vacate an order that wrongly denies a prevailing party's attempt to enforce an unsuperseded judgment. *See In re Dryden,* 52 S.W.3d 257, 261–65 (Tex. App.-Corpus Christi 2001, orig. proceeding); *Gonzales v. Daniel,* 854 S.W.2d 253, 256 (Tex.App.-Corpus Christi 1993, orig. proceeding); *Anderson v. Lykes,* 761

S.W.2d 831, 834 (Tex.App.-Dallas 1988, orig. proceeding), *overruled on other grounds, Walker v. Packer*, 827 S.W.2d at 842.

We hold that the trial court abused its discretion when it refused to hear the motion to enforce the unsuperseded final judgment and dismissed Billingsley's enforcement motion for want of jurisdiction. A writ of mandamus will issue only if the trial court fails to comply with this opinion.

Justice WAINWRIGHT did not participate in the decision.