COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-065-CV
 
 
 
IN 
RE BILLY R. DELP, JR. IRA                                                     RELATOR
 
 
 
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
MEMORANDUM OPINION[1]
 
------------
Introduction
        Respondent, 
the judge of the 342nd District Court, denied Relator Billy R. Delp, Jr. IRA’s 
motion to release registry assets and motion to compel post-judgment discovery 
and granted the motion for protective order of real party in interest Economy 
Oil Company (RPI). Because we hold that the trial court lacked jurisdiction to 
deny release of the registry assets, we conditionally grant mandamus relief.
Factual 
Background
The 342nd case
        In 
1994, FFP Partners, L.P., filed a declaratory judgment action in the 342nd 
District Court against Billy R. Delp, Jr. and RPI to declare ownership of 
175,000 shares of FFP Marketing Company common stock. Relator and John Harvison 
later became parties to the lawsuit. Because the parties disputed the ownership 
of the stock and the resulting income, the parties agreed to deposit cash and 
the stock into the registry of the trial court.
        In 
June 1998, the parties filed a Rule 11 agreement that provided that the stock 
and cash would remain in the registry of the court pending the conclusion of the 
litigation. On September 24, 1998, the trial court signed the final judgment. 
The final judgment provided that RPI owned the stock but ordered that Relator 
recover a $350,000 judgment against RPI plus 10% per annum post-judgment 
interest and awarded Relator a secured claim for the $350,000 in the stock 
located in the registry of the court.
        On 
June 8, 2000, this court affirmed the final judgment, and the Texas Supreme 
Court denied the petition for review. Mandate issued on July 21, 2001.
The 96th case
        In 
2000, Nu-Way Energy Corporation filed suit against Billy R. Delp, Jr. 
individually, but not Relator, in the 96th District Court and then filed a 
friendly garnishment suit against RPI.  RPI and Nu-Way are sister 
corporations. RPI, however, acknowledges that they are virtually the same 
corporation.  The two suits were consolidated.  The basis of the suit 
was that (1) Nu-Way had a judgment against Delp individually, (2) Relator had a 
judgment against RPI, (3) Relator is not exempt, so (4) Delp owns Relator’s 
judgment against RPI, and thus (5) Nu-Way can collect or garnish the judgment 
against RPI—that is, the stock.  There is no evidence in the record, 
however, that the registry was subject to the garnishment, only RPI is subject 
to it.  Additionally, at no time were Nu-Way or RPI able to obtain 
prejudgment relief in the 96th district court to prevent the release of the 
registry assets in the 342nd district court to Relator, although they tried.
        In 
April 2004, the consolidated suit was tried.  The court ordered that Nu-Way 
take nothing and specifically found that Nu-Way has no interest in the assets in 
the registry of the 342nd District Court. Nu-Way has filed a notice of appeal.
Post-Judgment Activity in the 342nd
        On 
August 30, 2004, after the 96th District Court had rendered judgment in the Nu-Way 
case but before the final judgment was signed, RPI had still not paid the 
judgment in the 342nd case. RPI filed a motion in the 342nd District Court to 
establish scheduling for distribution of the assets in the registry of the 
court, requesting that the court leave the assets in its registry until Nu-Way 
had exhausted all appeals in its case. In September 2004, Relator filed a plea 
to the jurisdiction in response to RPI’s motion, contending that the 342nd 
District Court had lost plenary power to modify the 1998 judgment. The court 
agreed that it did not have jurisdiction to sign an order stating that its 
judgment would not be paid until a certain date.
        In 
December 2004, Relator filed a motion for release of the registry assets. RPI 
responded, asking the court to allow it to supplement the registry of the court 
and to deny the release of the registry assets until Nu-Way has exhausted all 
appeals. The court denied the release. Because the trial court would not release 
the assets and RPI had not paid anything toward the judgment, Relator then 
requested post-judgment discovery from RPI. RPI refused to answer, so Relator 
filed a motion to compel discovery, and RPI filed a motion for protective order. 
The 342nd District Court denied the motion to compel and granted the motion for 
protective order.
        RPI 
has not paid any amount toward the 1998 judgment. As of December 16, 2004, the 
total amount due under the final judgment was $423,978.47, which is held in the 
registry of the 342nd district court.
        Relator 
now requests that we determine whether the 342nd District Court (1) may refuse 
to perform the ministerial act of disbursing registry assets to Relator, the 
judgment holder, based solely on the fact that another party (not a party to the 
action below) has filed a subsequent lawsuit, in another court, against a 
related non-judgment holder; (2) may impose additional conditions not in the 
final judgment or in the agreement of the parties after the trial court has lost 
jurisdiction to modify the final judgment; and (3) may refuse to enforce its own 
judgment and prevent the judgment holder from conducting post-judgment discovery 
to enforce the judgment?
Discussion
        Mandamus 
is an extraordinary remedy that will issue to correct a clear abuse of 
discretion only if the relator lacks an adequate remedy by appeal.[2]  A party is entitled to mandamus relief to vacate an 
order that wrongly denies a prevailing party’s attempt to enforce an 
unsuperseded judgment.[3] Furthermore, when a trial 
court’s action is mandatory, mandamus is the appropriate remedy to compel the 
performance of the ministerial act.[4]  A 
petition for writ of mandamus is also the proper way to seek review of a trial 
court’s post-judgment discovery order.[5]
        A 
trial court clearly abuses its discretion if “it reaches a decision so 
arbitrary and unreasonable as to amount to a clear and prejudicial error of 
law.”[6]   A trial court has no discretion 
in determining what the law is or applying the law to the facts.[7]  Thus, a clear failure to analyze or apply the law 
correctly will constitute an abuse of discretion and may result in appellate 
reversal by extraordinary writ.[8]
Enforcement of 
the Judgment
        A 
trial court has an affirmative duty to enforce its judgment.[9]  
In the absence of a supersedeas bond, the clerk of the court has a duty to issue 
a writ of execution, upon application, beginning either thirty days after the 
judgment is signed, or thirty days after the overruling of a motion for new 
trial.[10]   The act of issuing execution on a 
judgment is ministerial.[11]
        Additionally, 
absent a motion for new trial, a trial court has plenary power to vacate, 
modify, correct, or reform its judgment within thirty days after the judgment is 
signed.[12]  When the court loses its plenary 
power at the expiration of the thirty days, it loses jurisdiction to modify the 
judgment.[13]  The trial court retains authority 
to enforce its judgments, but its enforcement orders may not be inconsistent 
with the original judgment or constitute a material change in the substantive 
adjudication portions of the judgment.[14]
        In 
this case, there is no dispute that RPI owes the judgment to Relator. RPI admits 
that the judgment is final and not appealable. RPI wants to prevent Relator from 
receiving the money owed under the judgment either temporarily, if Relator wins 
the appeal of the 96th case, or permanently, if Nu-way wins the appeal, despite 
the fact that Relator is not a party to the suit in the 96th District Court.
        Furthermore, 
the 342nd District Court recognized that it did not have the authority to modify 
the judgment and did not “have the authority to sign an order saying [that the 
judgment] wouldn’t be paid out until such and such a date.” Nevertheless, 
the court denied the release of the assets in the registry because of the suit 
in the 96th District Court; that is, the trial judge effectively did what he 
said he could not do.
        Additionally, 
there is no order in the 96th preventing the release of the assets. The registry 
of the court was not subject to the garnishment, only RPI was subject to the 
garnishment, so there is nothing legally stopping the disbursement. In fact, the 
96th District Court’s judgment specifically found that Nu-Way had no interest 
in the registry assets. Thus, because the 342nd District Court judgment is final 
and not appealable, because no other order from any other court exists 
preventing the release of the assets, because RPI has failed to pay the judgment 
against it, and because the trial judge does not have jurisdiction to modify the 
judgment to restrict the timing of the disbursement, the trial court must 
perform the ministerial act of releasing the assets securing the amount owed by 
the judgment.
        Because 
we hold that the trial court must release the registry assets, we do not reach 
Relator’s remaining issues.[15]
Conclusion
        We 
therefore conditionally grant Relator’s petition for writ of mandamus.  
We are confident that the trial court will vacate its order denying Relator’s 
motion to release registry assets and order disbursement of the registry assets 
within fifteen days of the date of this opinion.  Our writ will issue only 
if the trial court refuses to do so.  Additionally, RPI’s motion for 
sanctions is denied.
  
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
  
  
PANEL 
B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
 
DELIVERED: 
May 19, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
In re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex. 2002).
3.  
In re Crow-Billingsley Air Park, Ltd., 98 S.W.3d 178, 179 (Tex. 
2003).
4.  
In re Perritt, 992 S.W.2d 444, 447 (Tex. 1999).
5.  
In re Amaya, 34 S.W.3d 354, 356 (Tex. App.—Waco 2001, orig. 
proceeding).
6.  
In re Hinterlong, 109 S.W.3d 611, 621 (Tex. App.—Fort Worth 2003, orig. 
proceeding) (quoting Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)).
7.  
Id.
8.  
Walker, 827 S.W.2d at 840; see also In re Allstate County Mut. Ins. Co., 
85 S.W.3d 193, 195–96 (Tex. 2002).
9.  
Tex. R. Civ. P. 308 (providing 
that “[t]he court shall cause its judgments and decrees to be carried into 
execution”); Crow-Billingsley Air Park, Ltd., 98 S.W.3d at 179.
10.  
Tex. R. Civ. P. 627; Gonzales 
v. Daniel, 854 S.W.2d 253, 256 (Tex. App.—Corpus Christi 1993, orig. 
proceeding).
11.  
See Gonzales, 854 S.W.2d at 256.
12.  
Tex. R. Civ. P. 329b(d); Comm’n 
for Lawyer Discipline v. Denisco, 132 S.W.3d 211, 215 (Tex. App.—Houston 
[14th Dist.] 2004, no pet.).
13.  
First Alief Bank v. White, 682 S.W.2d 251, 252 (Tex. 1984); see also 
Tex. R. Civ. P. 329b(f).
14.  
Denisco, 132 S.W.3d at 215.
15.  
See Tex. R. App. P. 47.1.