Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



**OPINION**

No. 04-09-00151-CV

**In re ROMERO, GONZALEZ & BENAVIDES, L.L.P.**

Original Mandamus Proceeding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:   May 20, 2009

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator Romero, Gonzalez & Benavides, L.L.P. ("RG&B") seeks a writ of mandamus

compelling the trial court to order the clerk of the court to release to relator funds held in the court's

registry.  We conditionally grant the writ.

**BACKGROUND**

RG&B represented the Gonzalez family in a products liability and wrongful death lawsuit

against Reliance Water Heater Co. and other defendants ("Reliance").  Mark A. Cantu d/b/a the Law

Office of Mark Cantu ("Cantu") intervened in the lawsuit claiming, among other things, that RG&B

---

[1]This proceeding arises out of Cause No. 2005CVQ000954-D2, styled *Guerra & Moore, Ltd., LLP. v. Mark Cantu d/b/a Law Office of Mark Cantu v. Glen Romero et al.*, in the 111th Judicial District Court, Webb County, Texas, the Honorable Raul Vasquez presiding.

had interfered with his contract to represent the Gonzalez family. RG&B mediated and settled the Gonzalez family's claims against Reliance. Pursuant to an Agreed Order between RG&B and Cantu, a percentage of the attorney's fees awarded to RG&B was placed in the court's registry for Cantu. Following subsequent litigation, the trial court signed a judgment concluding the legal services contract between Cantu and the Gonzalez family was void and RG&B was entitled to the funds held in the court's registry. RG&B filed a post-judgment motion to release the funds. After a hearing, the trial court denied RG&B's motion and stated it would not release the funds while Cantu's appeal of its judgment was pending. RG&B filed a petition for a writ of mandamus asking this court to instruct the trial court to issue an order to the clerk of the court to disburse the funds held in the court's registry. We conditionally grant RG&B's writ.

## DISCUSSION

The sole issue in this petition for writ of mandamus is whether the trial court abused its discretion in denying RG&B's motion to enforce the judgment and release the funds in the court's registry to RG&B when no supersedeas bond has been filed by Cantu. Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840. "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have

reached only one decision.'" *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840).

A trial court has an affirmative duty to enforce its judgment. TEX. R. CIV. P. 308; *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding). And, the prevailing party has a statutory right to obtain execution of the judgment pending appeal unless and until the judgment debtor properly supersedes the judgment. *Mercantile Bank & Trust v. Cunov*, 733 S.W.2d 717, 718 (Tex. App.—San Antonio 1987, no writ). The Rules of Appellate Procedure allow a judgment debtor to supersede a judgment, thereby suspending enforcement, by posting security set by the trial court, not by merely filing an appeal. TEX. R. APP. P. 24.1, 24.2(a)(3); *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d at 179. Unless the judgment debtor files a supersedeas bond to delay the enforcement of the final judgment, the trial court has no discretion to suspend the enforcement of the final judgment pending appeal. *See Tex. Employers' Ins. Ass'n v. Engelke*, 790 S.W.2d 93, 95 (Tex. App.—Houston [1st Dist.] 1990, no writ); *Merrell v. Fanning & Harper*, 597 S.W.2d 945, 950 (Tex. Civ. App.—Tyler 1980, no writ); *Bryan v. Luhning*, 106 S.W.2d 403, 404 (Tex. Civ. App.—Galveston 1937, no writ). Here, Cantu did not post a supersedeas bond with the trial court that would suspend the enforcement of the final judgment.

"A party is entitled to mandamus relief to vacate an order that wrongly denies a prevailing party's attempt to enforce an unsuperseded judgment." *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d at 179. Therefore, we conclude the trial court erred in denying RG&B's post-judgment motion to release the funds.

## **CONCLUSION**

Accordingly, we conditionally grant the writ of mandamus.  The writ will issue only if the trial court fails to withdraw its orders denying RG&B's motion to release funds and enter an order releasing the funds within ten days.


Sandee Bryan Marion, Justice