ABATEMENT ORDER
PER CURIAM.
This is a parental rights termination case governed by section 263.405 of the Family Code. The mother and father have each perfected an appeal. Before the Court is the motion of the mother’s appointed trial counsel to withdraw in favor of other counsel whom the trial court has apparently appointed for the appeal. We will deny the motion and abate this appeal for the trial court to decide whether trial counsel should be permitted to withdraw.
We decided a similar issue in the context of a criminal appeal involving appointed counsel in Enriquez v. State, 999 S.W.2d 906 (Tex.App.-Waco 1999, order, no pet.) (per curiam). The appellant’s appointed trial counsel filed a motion to withdraw and for substitution of counsel with this Court. Id. at 907. Citing article 26.04 of the Code of Criminal Procedure, we recognized that the Legislature has clearly “given the trial court the responsibility for counsel appointed to represent indigent defendants in criminal proceedings” and “to relieve appointed counsel of his duties or replace him with other counsel.” Id. (citing Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 2, 1987 Tex. Gen. Laws 3321, 3322-23 (amended 2001) (current version at Tex. Code Crim. Prog. Ann. art. 26.04(c), (j)(2) (Vernon 2009)). We also noted that appointed counsel in criminal cases are paid from the prosecuting county’s general fund. Id. at 908 (citing Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 3, 1987 Tex. Gen. Laws 3321, 3323-24 (amended 2001) (current version at Tex. Code Crim. Proc. Ann. art. 26.05(f) (Vernon 2009)). Thus, we concluded that the trial court should determine whether to replace appointed trial counsel for the appeal.
If Enriquez is indigent, the trial court has the authority through the Code of Criminal Procedure to relieve De Los *575 Santos of his duties and appoint new counsel for Enriquez’ appeal. Any substitution of appointed counsel and the related costs to the county should be determined by the trial court that appointed De Los Santos to Enriquez’ criminal proceeding.
IN RE M.V.G.
Id. at 908.
The Family Code likewise provides for the appointment of counsel for indigent persons whose parental rights are subject to termination. Tex. Fam. Code Ann. § 107.013 (Vernon 2008); see also Tex. Fam. Code Ann. § 263.405(e) (Vernon 2008) (providing for appointed counsel on appeal). Court-appointed counsel in termination cases are likewise to be paid from the general funds of the county unless the court determines that another party to the proceeding is able to pay some or all of counsel’s fees. Id. § 107.015 (Vernon 2008). Thus, for the same reasons stated in Enriquez, we hold that the trial court should determine whether to grant a motion to withdraw filed by appointed counsel in a parental-rights termination case after an appeal has been perfected.
In Enriquez, we also held that article 26.04 provided a statutory exception to Rule of Appellate Procedure 25.2(g),[1] which states, “Once the record has been filed in the appellate court, all further proceedings in the trial court — except as provided otherwise by law or by these rules — will be suspended until the trial court receives the appellate — court mandate.” Tex. R. App. P. 25.2(g); see Enri-quez, 999 S.W.2d at 908. There is not a comparable provision in the rules governing civil appeals.
Ordinarily, a trial court’s plenary jurisdiction expires as provided by Rule of Civil Procedure 329b. See Tex. R. Civ. P. 329b. If the judgment is not superseded under Rule of Appellate Procedure 24.1 however, a trial court may enforce its judgment regardless of the pendency of the appeal. See In re Crow-Billingsley Air Park, Ltd., 98 S.W.3d 178, 179 (Tex.2003) (orig. proceeding) (per curiam). And if the judgment is superseded, the trial court nevertheless retains “continuing jurisdiction” to evaluate the adequacy of the security required to supersede the judgment. See Tex. R. App. P. 24.3.
Section 263.405 of the Family Code arguably alters the plenary jurisdiction of the trial court in parental-rights termination cases. Under this statute, motions for new trial must be filed within fifteen days after judgment and must be heard within thirty days after judgment. Tex. Fam. Code Ann. § 263.405(b), (d) (Vernon 2008); but see In re M.N., 262 S.W.3d 799, 802-03 (Tex.2008) (trial court may use Rule of Civil Procedure 5 to extend 15-day deadline for statement of points under section 263.405(b) as much as 15 additional days). And if an indigence claim is not denied by written order within thirty-six days after judgment, the claim is in effect sustained by operation of law. See Tex. Fam. Code Ann. § 263.405(e).
By contrast, under Rule 329b, a motion for new trial must be filed within thirty days after judgment, and the court has until seventy-five days after judgment to rule on the motion. Tex. R. Civ. P. 329b(a), (c). In addition, the trial court has thirty days after overruling a motion for new trial to reconsider that ruling or to vacate

. Actually, we referred in Enriquez to subdivision (e) of Rule 25.2 which has since been re-lettered as subdivision (g) without substantive change. Enriquez v. State, 999 S.W.2d 906, 908 (Tex.App.-Waco 1999, order, no pet.) (per curiam) (citing Tex. R. App. P. 25.2(e), 948-949 S.W.2d (Tex. Cases) xcvi (Tex. Crim. App. 1997, amended 2002) (current version at Tex R. App. P. 25.2(g)).