

# NUMBER 13-14-00304-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KIM COX,                                                              Appellant,

## v.

KEITH SIMMONDS,                                                      Appellee.

### On appeal from the County Court of
### DeWitt County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

In this restricted appeal, appellant Kim Cox, a surety on the appeal bond in this case, contends: (1) the trial court lacked jurisdiction to issue an "Order Granting Motion for Judgment" four-and-a-half months after it granted a default judgment in favor of appellee Keith Simmonds; and (2) Cox's liability was limited by the terms of the bond and the trial court erred in awarding judgment against him in excess of the bond's limitations.

We dismiss for lack of jurisdiction.

## I. BACKGROUND

Simmonds sued his employer, Jordan Oilfield Services ("Jordan"), for unpaid wages and related expenses. On July 29, 2013, because Jordan did not appear, a DeWitt County justice court granted a default judgment in favor of Simmonds in the amount of $4,547.23. Jordan appealed to the county court and filed an appeal bond in the amount of $9,094.46 with Jordan as principal and Cox, Jordan's attorney, as surety. *See* TEX. R. CIV. P. 506.1 (requiring a defendant to file bond in an amount equal to twice the amount of judgment to appeal justice court judgment). The bond acknowledged that Jordan and Cox were "jointly and severally bound" in the amount of the bond.

On November 13, 2013, on appeal to a bench trial in the county court, Simmonds appeared and testified as to the amount he was owed in unpaid wages and unreimbursed expenditures. Again, Jordan did not appear. Simmonds presented receipts in support of his testimony. The county court awarded default judgment in Simmonds's favor in the amount of $4,547.23. It ordered the damages to be awarded out of the appeal bond. The county court noted that, based on the language in the appeal bond, Cox was jointly and severally liable for the damages and that Simmonds "may have a cause of action to collect." That same day, November 13, 2013, the trial court signed a default judgment awarding Simmonds $4,547.23 plus five percent interest and costs against Jordan, but not Cox.

Over four months later, on March 31, 2014, Simmonds, represented by counsel, filed a "Motion for Judgment" in the county court. The motion noted that: (1) the county court had awarded Simmonds a default judgment against Jordan on November 13, 2013;

2

and (2) Simmonds sent notice and demand for payment to Jordan and Cox on March 4, 2014, but neither responded. The motion requested the trial court to order recovery from Jordan for "all costs expended, including interest and reasonable attorney's fees," and to order recovery from Cox on the appeal bond up to the full amount of the bond. Without a hearing, the trial court signed an order granting the motion for judgment on April 3, 2014. The court ordered that Simmonds recover from Jordan and Cox $4,547.23, plus $133.30 in pre-judgment interest, $750.00 in attorney's fees, and five percent post-judgment interest. On May 23, 2014, Cox filed his notice of appeal.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010); *Tex. Comm'n on Envtl. Quality v. Bonser-Lain*, 438 S.W.3d 887, 891 (Tex. App.—Austin 2014, no pet.). Here, whether the county court had jurisdiction to grant Simmonds's motion for judgment over four months after it granted him a default judgment is a question of law that we review de novo. *See Fernandez*, 315 S.W.3d at 502.

A restricted appeal is a direct attack on a default judgment. *Eguia v. Eguia*, 367 S.W.3d 455, 458 (Tex. App.—Corpus Christi 2012, no pet.). To succeed in a restricted appeal, an appellant must establish that: (1) it filed the notice of restricted appeal within six months after the final judgment is signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) the error complained of is apparent on the face of the record. *Id.*

## III. DISCUSSION

3

## A.    Jurisdiction

By his first issue, appellant contends that the trial court had no jurisdiction to enter the April 3, 2014 judgment—which included him as a party liable for the judgment and awarded attorney's fees—because the trial court's plenary power had expired. Generally, a trial court may correct or revise its judgment only during the period of its plenary power, which expires thirty days after the judgment is signed unless a motion extending the trial court's plenary power has been filed. *See* TEX. R. CIV. P. 329b; *Smalley v. Smalley*, 436 S.W.3d 801, 806 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Appellee responds that the trial court had jurisdiction to amend its judgment after the expiration of its plenary power because amending the judgment to add appellant's liability as surety was a ministerial act that the court could perform, citing *Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 261 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd). In *Whitmire*, the First Court of Appeals held that it had jurisdiction to amend its judgment, after the expiration of its plenary power, to render judgment against the sureties on a supersedeas bond. *Id.* The *Whitmire* Court cited Texas Rule of Appellate Procedure 43.5, which provides that, when an appellate court affirms a trial court's judgment in a civil case, it "must render judgment against the sureties on the appellant's supersedeas bond, if any, for the performance of the judgment and for any costs taxed against the appellant." TEX. R. APP. P. 43.5. Moreover, rule 24.3 of the rules of appellate procedure, pertaining to supersedeas bonds, provides, "Even after the trial court's plenary power expires, the trial court has continuing jurisdiction to . . . order the amount and type of security and decide the sufficiency of the sureties." TEX. R. APP. P. 24.3(a)(1); *see Whitmire*, 333 S.W.3d at 260; *In re M.V.G.*, 285 S.W.3d 573, 575 (Tex.

4

App.—Waco 2009) (order abating appeal) (per curiam) ("And if the judgment is superseded, the trial court nevertheless retains 'continuing jurisdiction' to evaluate the adequacy of the security required to supersede the judgment."); *Miller v. Kennedy & Minshew, Prof'l Corp.*, 80 S.W.3d 161, 164 (Tex. App.—Fort Worth 2002, no pet.) (holding that trial court possesses authority after the expiration of its plenary power to review the sufficiency of sureties on a supersedeas bond). Thus, if the bond in the present case was a supersedeas bond, the trial court had continuing jurisdiction to review the amount of the bond and the sufficiency of the sureties. *See* TEX. R. APP. P. 24.3(a)(1).

However, the bond at issue in this case was not a supersedeas bond, but an appeal bond filed pursuant to rule of civil procedure 506.1. *See* TEX. R. CIV. P. 506.1.[1] To perfect an appeal from a justice court to a county court, an appellant must file an appeal bond, a cash deposit in the amount required of the bond, or a statement of inability to pay. *Id.* at R. 506.1(a), (c), (d). A defendant (here, appellant) must file a bond in an amount equal to twice the amount of the judgment. *Id.* at R. 506.1(b). The bond must be: (1) "supported by a surety or sureties approved by the judge"; (2) "payable to the appellee"; and (3) "conditioned on the appellant's prosecution of its appeal to effect and payment of any judgment and all costs rendered against it on appeal." *Id.* "An appeal is perfected when a bond, cash deposit, or statement of inability to pay is filed in accordance

---

[1] We recognize that rules of civil procedure 500 through 510 were adopted effective August 31, 2013. *See* Final Approval of Rules for Justice Court Cases, Misc. Docket No. 13-9049 (Tex. April 15, 2013). At the time the bond was executed on July 31, 2013, former rule of civil procedure 571 was in effect. *See* TEX. R. CIV. P. 571 (1962, repealed Aug. 31, 2013). However, the new rules, including rule 506.1, govern "cases filed on or after August 31,2013, and cases pending on August 31, 2013." *See* Final Approval of Rules for Justice Court Cases, Misc. Docket No. 13-9049 (Tex. April 15, 2013). Appellant's appeal was perfected by the filing of the appeal bond; therefore, the case remained pending in the county court on August 31, 2013. Accordingly, we apply current rule of civil procedure 506.1.

with this rule." *Id.* at R. 506.1(h). When an appeal has been perfected from the justice court, the case shall be tried de novo in the county court. *Id.* at R. 506.3.

Here, the bond, dated July 31, 2013 and titled "Appeal Bond," stated:

Jordan Oilfield Services, Defendant, under the authority of Tex. R. App. P. 40 and 46, files this Bond to perfect the Appeal.[2]

The court signed the Final Judgment in this case on Monday, July 29, 2013, in favor of Plaintiff, Keith Simmonds, and against Defendant, Jordan Oilfield Services.

Jordan Oilfield Services, Defendant, desires to Appeal from this Judgment to the County Court at Law.

The deadline for filing the Appeal Bond is Thursday, August 8, 2013.

Jordan Oilfield Services as Principal, and Kim Cox, as Surety, whose address is 701 Ayers St., Corpus Christi, Texas, 78404, acknowledge they are jointly and severally bound to pay the clerk of the court the sum of Nine Thousand Ninety-Four Dollars and 46/100 ($9,094.46).

This bond is conditioned that Jordan Oilfield Services, Defendant[,] will prosecute the appeal with effect and will pay all costs that have accrued in the Justice of the Peace Court and the cost of the statement of facts and transcript.

The amount of the bond, $9,094.46, is twice the amount of the judgment, as prescribed by rule 506.1(b). Compliance with the requirements of rule 506.1 is jurisdictional, and only compliance with the requirements of the rule will perfect the appeal. *See Litoff v. Meadows Serv. Corp.*, 352 S.W.3d 894, 896 (Tex. App.—Dallas 2011, no pet.); *Rowe v. Watkins*, 340 S.W.3d 860, 863 (Tex. App.—El Paso 2011, no pet.); *Ashley Furniture Indus., Inc. ex rel. RBLS, Inc. v. The Law Office of David Pierce*, 311 S.W.3d 595, 598 (Tex. App.—El Paso 2010, no pet.) (all construing former rule of civil procedure 571). If an appeal contains defects or irregularities in procedure, either of

---

[2] We note that neither Texas Rule of Appellate Procedure 40 nor 46 relates to the filing of a bond. *See* TEX. R. APP. P. 40, 46.

6

form or substance, the appeal shall not be dismissed without allowing the appellant, after seven days' notice from the court, an opportunity to correct such defect. TEX. R. CIV. P. 506.1(g). Here, the record does not reflect that appellant was notified, either by the court or by appellee, of any insufficiency or defect in the bond. Accordingly, we conclude that by filing the appeal bond, appellant perfected the appeal to the county court.

Thus, the county court had jurisdiction to grant the default judgment in appellee's favor on November 13, 2013. However, because the bond was an appeal bond filed pursuant to rule 506.1 and not a supersedeas bond, we conclude that the supersedeas-bond rules of appellate procedure—43.5 (applicable to a supersedeas bond and relied on in *Whitmire*, 333 S.W.3d at 261) and 24.3 (providing for continuing jurisdiction to review sufficiency of sureties in a supersedeas bond)—are not applicable. We therefore find that the county court's plenary power expired thirty days after the November 13, 2013 judgment, and that the county court lacked jurisdiction to grant the April 3, 2014 judgment. Any judicial action taken after the trial court's plenary power expired is void. *See State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex.1995); *In re T.G.*, 68 S.W.3d 171, 177 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). We sustain appellant's first issue.

Because we lack jurisdiction, we need not address appellant's second issue.[3] *See* TEX. R. APP. P. 47.1.

### IV. CONCLUSION

Because the April 3, 2014 judgment is void, we dismiss for lack of jurisdiction.

DORI CONTRERAS GARZA,
Justice

---

[3] We note that appellee filed a "Motion for Partial Dismissal for Lack of Jurisdiction" in which he argued that this Court lacked jurisdiction over Cox's second issue. We deny appellee's motion as moot.

7

Delivered and filed the
5th day of February, 2015.