**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



CONTINUING ORDER OF ABATEMENT

Appellate case name:     In the Interest of M.M.M., M.L.B. aka M.B. and Z.T.B.,
                         Children

Appellate case number:   01-16-00998-CV

Trial court case number: 2016-00114J

Trial court:             313th District Court of Harris County

The Court's March 15, 2017 Order abated this parental termination appeal for the trial court to hold a late-brief hearing to determine whether appellant's counsel, Frederick K. Wilson II, should be relieved of his duties after a finding of good cause is rendered by the court on the record. The Court explained in our March 15th Order that Mr. Wilson has failed to file appellant's brief despite being ordered to do so and despite being sent a late-brief notice by the Clerk of this Court. Mr. Wilson has not contacted the Clerk of this Court to explain why he has failed to file appellant's brief.

On March 30, 2017, the court reporter filed a special status hearing reporter's record in this Court in which Mr. Wilson was noticed, but did not appear. The trial court noted on the record that Mr. Wilson was retained by the appellant, P.L.B., not appointed by the trial court. However, the trial court did not determine whether Mr. Wilson should be relieved of his duties, as this Court had ordered.

Under the Texas Family Code, the trial court is responsible for appointing counsel to represent an indigent parent in a parental termination suit. *See* TEX. FAM. CODE ANN. § 107.013(a)(1) (West Supp. 2016). "A parent who the court has determined is indigent for purposes of this section is presumed to remain indigent for the duration of the suit and any subsequent appeal unless the court, after reconsideration on the motion of the parent, the attorney ad litem for the parent, or the attorney representing the governmental entity, determines that the parent is no longer indigent due to a material and substantial change in the parent's financial circumstances." *Id.* at § 107.013(e). Once appointed, the attorney must continue to represent the indigent parent until the suit is dismissed, the appeals are exhausted or waived, or the attorney is relieved of his duties or replaced by

the trial court after a finding of good cause. *See* TEX. FAM. CODE ANN. § 107.016(2) (West Supp. 2016); *In re M.V.G.*, 285 S.W.3d 573, 575 (Tex. App.—Waco 2009, order).

Here, a review of the clerk's record filed in this Court on December 30, 2016 shows that the trial court signed a "Temporary Order Following Adversary Hearing" finding, among other things, appellant, P.L.B., to be indigent, and another "Order Appointing Attorney Ad Litem," appointing Oliver Sprott, Jr., as attorney for P.L.B. Both orders were signed on January 21, 2016, and there does not appear to be any subsequent orders in the clerk's record finding appellant, P.L.B., to no longer be indigent or permitting Mr. Sprott to be relieved of his duties or replaced. *See* TEX. FAM. CODE ANN. § 107.013(e), § 107.016(2). Thus, appellant, P.L.B., is presumed to remain indigent on appeal and Mr. Sprott continues to remain as his appointed counsel. Appellant's apparent retention of Mr. Wilson for the appeal does not, by itself, change appellant's indigency status, nor does it change Mr. Sprott's status as appointed counsel.

Accordingly, the Court continues to **abate** this appeal for the trial court to hold a hearing to determine whether good cause exists to permit appointed counsel, **Oliver Sprott, Jr.**, to withdraw, to be substituted by retained counsel, **Frederick K. Wilson II**, or to appoint new counsel and, if so, to enter orders relieving, substituting, and/or appointing new counsel. *See In re M.V.G.*, 285 S.W.3d at 575–76. The district clerk is directed to notify **Oliver Sprott, Jr.**, **Frederick K. Wilson II**, and a representative of the appellee, Texas Department of Family and Protective Services, to appear at the hearing.

Because Mr. Wilson has not complied with this Court's order to file appellant's brief or otherwise contacted the Clerk of this Court regarding appellant's brief, the Court strongly cautions the trial court in substituting Mr. Wilson as appellant's counsel unless Mr. Wilson provides an assurance that he will file appellant's brief expeditiously when ordered to do so. Any hearing shall be conducted **within 10 days** after the date of this Order. The trial court clerk shall file a supplemental clerk's record containing the trial court's orders pertaining to the withdrawal, substitution, and/or the appointment of new counsel **within 15 days** of the date of this Order.

The appeal is continued to be abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record complying with this Order is filed with this Court.

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley

     ☑ Acting individually ☐ Acting for the Court

Date: April 4, 2017