COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        In the Interest of K.G-J.W., a/k/a K.W., A Child

Appellate case number:    01-17-00739-CV

Trial court case number:   2016-04631J

Trial court:                  314th District Court of Harris County

On October 6, 2017, appellant, M.C.M., proceeding pro se, filed a notice of appeal from the decree for termination, signed on September 19, 2017. Because this appeal involves the termination of the parent-child relationship, this Court is required to bring the appeal to final disposition within 180 days of the date the notice of appeal was filed, so far as reasonably possible, or by April 4, 2018. *See* TEX. ST. JUD. ADMIN. R. 6.2(a) (West 2016). On October 16, 2017, the reporter's record and a hearing record were filed in this Court. On October 18, 2017, the clerk's record was filed in this Court, setting the appellant's brief due by November 7, 2017.

Under the Texas Family Code, the trial court is responsible for appointing counsel to represent an indigent parent, like M.C.M., in a parental termination suit, after determining that the parent is indigent, and appointed counsel is to remain as counsel for the duration of the suit and for any subsequent appeal, unless permitted to withdraw. *See* TEX. FAM. CODE ANN. § 107.013(a)(1), (d), (e) (West 2016); *see also* TEX. FAM. CODE ANN. § 107.016(2) (West 2016) (stating that, once appointed, attorney must continue to represent indigent parent until suit is dismissed, appeals are exhausted or waived, or attorney is relieved of his duties or replaced by trial court after finding of good cause).

Here, a review of the clerk's record filed in this Court on October 18, 2017, shows that the trial court signed an Order Appointing Attorney Ad Litem, on August 25, 2016, appointing John R. Millard as attorney ad litem for appellant, M.C.M. The trial court later signed a "Temporary Order Following Adversary Hearing," signed on September 1, 2016, which, among other things, made no finding with regard to the indigency of appellant, M.C.M., because appellant was "not presently before the Court and/or

insufficient information [wa]s available to make such a determination at this time." There does not appear to be any subsequent orders in the clerk's record finding appellant, M.C.M., to not be indigent or permitting Mr. Millard to be relieved of his duties or replaced. *See* TEX. FAM. CODE ANN. § 107.013(e), § 107.016(2). Thus, appellant, M.C.M., is presumed to remain indigent on appeal and Mr. Millard continues to remain as the appointed counsel. The Clerk of this Court is **directed** to add **John R. Millard** as counsel for appellant.

Accordingly, the Court sua sponte **abates** this appeal for the trial court to hold a hearing to determine whether good cause exists to permit appointed trial counsel, **John R. Millard**, to remain as counsel on appeal, to withdraw, or to appoint new counsel and to enter orders relieving and/or appointing new counsel. *See* TEX. FAM. CODE ANN. §§ 107.013, 107.016(2) (West 2016); *In re M.V.G.*, 285 S.W.3d 573, 575–76 (Tex. App.— Waco 2009, order). Any hearing shall be conducted **within 15 days** of this Order and the district clerk shall file a supplemental clerk's record containing any orders **within 20 days** of the date of this Order. The district clerk is directed to notify **John R. Millard** and a representative of the appellee, Texas Department of Family and Protective Services, to appear at the hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record complying with this Order is filed with this Court.

It is so ORDERED.

Judge's signature:   /s/ Laura C. Higley
                     ☑ Acting individually     ☐ Acting for the Court

Date: October 24, 2017