COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        In the Interest of J.R.W. and J.M., Children

Appellate case number:     01-21-00157-CV

Trial court case number:    2019-03761

Trial court:                 308th District Court of Harris County

This is an accelerated appeal from an order terminating the parental rights of appellant, mother. On March 29, 2021, appellant filed a notice of appeal from the trial court's March 7, 2021 "Decree for Termination." Because this appeal involves the termination of the parent-child relationship, this Court is required to bring the appeal to final disposition within 180 days of the date the notice of appeal was filed, so far as reasonably possible. *See* TEX. R. JUD. ADMIN. 6.2, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. F app. Thus, we request that the below described matters be expedited.

Appellant's brief was due to be filed in this Court by April 29, 2021. *See* TEX. R. APP. P. 38.6(a). However, appellant did not file a brief or a motion to extend the deadline for filing her brief by the deadline. On May 12, 2021, we issued an order notifying appellant to file her brief within ten days of the date of our order. We further notified appellant that the failure to file a brief as directed in that order may result in abatement of the appeal for the trial court to hold a hearing to determine whether appellant still wishes to pursue her appeal and whether substitute counsel should be appointed. *See* TEX. FAM. CODE ANN. § 107.016(2) (providing appointed counsel must continue to serve until appeal is exhausted or waived, or attorney is relieved of her duties and replaced by court). Appellant has not filed a brief or otherwise responded to our May 12, 2021 order.

Accordingly, we **abate the appeal** and direct the trial court to hold a hearing at which a representative of the Department of Family and Protective Services and counsel for appellant shall be present. The trial court is directed to:

(1) determine whether appellant wishes to prosecute her appeal;
(2) determine whether appellant's court-appointed counsel, Bobbie Young, has abandoned the appeal;

(3) if counsel has not abandoned the appeal, inquire of counsel the reasons, if any, that she has failed to file a brief and set a date by which counsel will file a brief, not later than twenty days from the date of the hearing;

(4) if counsel has abandoned this appeal, enter an order relieving her of her duties as appellant's counsel on appeal, including in the order the basis for the finding of abandonment, and appoint new appellate counsel at no expense to appellant and set a date by which counsel will file a brief, no later than twenty days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notation.

*See* TEX. FAM. CODE ANN. § 107.016; *In re M.V.G.*, 285 S.W.3d 573, 575–76 (Tex. App.—Waco 2009, order), *disp. on merits*, 440 S.W.3d 54 (Tex. App.—Waco 2010, no pet.).

The hearing shall be conducted **within ten days** of the date of this order. The trial court clerk shall file a supplemental clerk's record containing the trial court's orders and findings **within fifteen days** of the date of the of the trial court's hearing.

This appeal is **abated**, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record complying with this order is filed with the Court.

It is so ORDERED.

Judge's signature: __/s/ April Farris_____
                         ☑ Acting individually     ☐ Acting for the Court

Date: __May 27, 2021____