

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00104-CV

_____

CAROLYN WILLIAMS, Appellant

V.

LADERA, Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2020-00600-JP

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

After appellant Carolyn Williams failed to appear for her requested jury trial on appellee Ladera's eviction petition, the justice court granted Ladera an eviction judgment and ordered Williams to surrender possession of the premises. *See Williams v. Ladera*, No. 02-20-00127-CV, 2021 WL 210844, at *1 (Tex. App.—Fort Worth Jan. 21, 2021, pet. filed) (mem. op.); *see also* Tex. R. Civ. P. 510.8(a). Williams appealed the justice court's judgment to county court, and when Williams did not appear for the trial, the county court found Williams guilty of forcible detainer and issued a writ of possession to Ladera. *See Williams*, 2021 WL 210844, at *1; *see also* Tex. Prop. Code Ann. §§ 24.002, 24.0061(a); Tex. R. Civ. P. 510.9, 510.10, 510.13. Williams appealed the county court's judgment to this court, and we dismissed her appeal for want of prosecution after striking her noncompliant brief. *See Williams*, 2021 WL 210844, at *1.

In this appeal, Williams attempts to appeal from the county court's April 7, 2021 order sustaining Ladera's contest to Williams's CDC Declaration[1] and granting Ladera's motion to execute the writ of possession. We notified Williams of our concern that we lacked jurisdiction over this appeal because the order did not appear to be a final judgment or appealable order. We informed Williams that unless she or any party desiring to continue the appeal filed a response within ten days showing

---

[1]*See generally* Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020).

grounds for continuing the appeal, we would dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Williams has filed a response, but it does not show grounds for continuing the appeal.[2]

We have jurisdiction over appeals from final judgments and from certain interlocutory orders made appealable by statute. *See Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018). When a final judgment exists, a later order that simply enforces the judgment's provisions does not qualify as another final judgment subject to appeal. *McFadin*, 539 S.W.3d at 284. But a postjudgment order that imposes obligations in addition to or in excess of those in a final judgment is appealable, provided that the order disposes of all pending issues and parties. *Id.* Here, the county court's order allowing Ladera to execute its writ of possession does nothing more than enforce the provisions of the county court's final judgment finding Williams guilty of forcible detainer. *See id.*; *see also* Tex. Prop. Code Ann. § 24.0061(a); Tex. R. Civ. P. 510.13. The county court's order is thus neither a final judgment nor an appealable interlocutory order. *Cf. Neuse v. Nationstar Mortg., LLC*, No. 13-19-00234-

---

[2]Williams's response claims that the county court's order was void because this court—not the county court—had jurisdiction over the case at the time the order was signed. But even after a trial court's plenary jurisdiction has expired, a trial court retains inherent power to enforce its judgment. *See Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982). If an appealed judgment has not been superseded, a trial court may enforce its judgment even if the case in on appeal. *See In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding); *see also* Tex. R. App. P. 24.1; Tex. R. Civ. P. 510.13.

3

CV, 2019 WL 3331643, at * 1 (Tex. App.—Corpus Christi–Edinburg July 25, 2019, pet. denied) (mem. op.) (concluding that "an order for a writ of possession is neither a final judgment nor an appealable interlocutory order" and thus dismissing for want of jurisdiction an appeal from writ of possession). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  June 3, 2021

4