

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION ON MOTION

No. 04-24-00801-CV

Chase Allen **CURTIS**,
Appellant

v.

Gabrielle Analisa **LAPLANTE**,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 21-09-27360-CV
Honorable Daniel J. Kindred, Judge Presiding

PER CURIAM

Sitting:    Lori I. Valenzuela, Justice
            Lori Massey Brissette, Justice
            Adrian A. Spears II, Justice

Delivered and Filed: September 10, 2025

MOTION FOR TEMPORARY ORDERS TO SET SUPERSEDEAS BOND GRANTED

This is an appeal from an October 28, 2024 Final Decree of Divorce that, *inter alia*, awarded the real property located at 500 PR 2323, Hondo, Texas to appellee Gabrielle Analisa LaPlante. In this appeal, appellant Chase Allen Curtis filed a Motion for Temporary Orders to Set Supersedeas Bond. For the following reasons, we grant Curtis's motion and direct the trial court to hold an evidentiary hearing and set a sufficient supersedeas bond. This opinion does not address

the merits of the underlying divorce decree, and Curtis's appeal from that decree remains pending before this court.

## BACKGROUND

Curtis timely filed a notice of appeal from the divorce decree on November 22, 2024. On February 4, 2025, Curtis attempted to preclude enforcement of the decree during this appeal by unilaterally filing a supersedeas bond of $35,000 with the Medina County District Clerk. The record does not appear to show that Curtis asked the trial court to set a bond amount before that date. Curtis contends that after he filed that bond, he asked the trial court to set a sufficient bond amount and the trial court declined to do so. *See* TEX. R. APP. P. 24.2(a)(2) ("When the judgment is for the recovery of an interest in real or personal property, the trial court will determine the type of security that the judgment debtor must post.").

On April 16, 2025, LaPlante filed an application for a turnover order. LaPlante's application noted that Curtis had filed a bond, but it argued the bond "wholly fails to meet the statutory requirements" and that Curtis "ha[d] not properly superseded the Judgment" because the trial court had not "determined or approved the type or amount of security [Curtis] is required to post." During the June 5, 2025 hearing on her application, LaPlante argued that the question of whether to set a supersedeas bond was "fully in the discretion of the Court[.]" The trial court subsequently granted LaPlante's application for a turnover order.

On July 17, 2025, the trial court denied Curtis's motion to reconsider the turnover order and granted LaPlante's motion to enforce the turnover order.[1] The July 17 order required Curtis to vacate the real property at issue in this appeal by 5:00 p.m. on July 21, 2025.

---

[1] The Honorable Daniel J. Kindred signed the divorce decree at issue in this appeal and most of the orders discussed in this opinion. However, the Honorable Camile Dubose signed the July 17, 2025 order granting LaPlante's motion to enforce the turnover order.

On July 20, 2025, Curtis filed two motions in this court: (1) a Motion for Temporary Orders to Set Supersedeas Bond; and (2) a Second Emergency Motion for Stay Pending Appeal. These motions asked us to either set a bond amount necessary to supersede the judgment or remand this matter to the trial court to do so. On July 21, 2025, we temporarily granted Curtis's Second Emergency Motion for Stay Pending Appeal and invited LaPlante to file a response to both that motion and to Curtis's Motion for Temporary Orders to Set Supersedeas Bond.

In her response, LaPlante argued that we should deny Curtis's motions because the record showed he "circumvent[ed] the Trial Court's authority to determine and set an appropriate bond" and "neglected to execute the proper steps to supersede enforcement of the Final Decree." She argued that the Texas Rules of Appellate Procedure provide that the trial court, not Curtis, must determine the bond amount necessary to supersede a judgment. While LaPlante primarily argued that we should deny Curtis's motions, she alternatively argued that if we determined a bond should be set, we "should remand the issue to the Trial Court to determine the appropriate type of and amount of security after a full hearing in accordance with the appellate rules."

## APPLICABLE LAW

"A trial court has an affirmative duty to enforce its judgment," and a trial court errs by refusing to enforce a judgment that has not been superseded. *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179–80 (Tex. 2003) (orig. proceeding) (per curiam) (citing TEX. R. CIV. P. 308); *see also In re Bradberry*, No. 12-12-00162-CV, 2012 WL 3201928, at *1 (Tex. App.—Tyler Aug. 8, 2012, no pet., orig. proceeding) (mem. op.). However, "[e]nforcement of a judgment must be suspended if the judgment is superseded." TEX. R. APP. P. 24.1(f); *In re Shopoff Advisors, L.P.*, No. 04-18-00001-CV, 2018 WL 733789, at *3 (Tex. App.—San Antonio Feb. 7, 2018, orig. proceeding) (mem. op.). "A judgment debtor may supersede a judgment by, among other things,

filing with the trial court clerk a 'good and sufficient bond.'" *Greystar Dev. & Constr., LP v. Williams*, 716 S.W.3d 747, 751 (Tex. App.—Dallas 2024, no pet.) (quoting TEX. R. APP. P. 24.1(a)(2)). Where, as here, the judgment orders recovery as an interest in real property, "[t]he trial court does not have discretion to refuse supersedeas[.]" *Devine v. Devine*, No. 07-15-00126-CV, 2015 WL 2437949, at *3 (Tex. App.—Amarillo May 20, 2015, order) (per curiam); *Kanan v. Plantation Homeowner's Ass'n, Inc.*, No. 13-11-00282-CV, 2012 WL 593067, at *5 (Tex. App.—Corpus Christi–Edinburg Feb. 21, 2012, no pet.) (mem. op.).

### APPLICATION

As noted above, Curtis filed a supersedeas bond with the Medina County District Clerk on February 4, 2025. Pursuant to a 2024 amendment to Texas Rule of Appellate Procedure 24.1, that bond was effective upon filing. *See* TEX. R. APP. P. 24.1(b)(2); *Mosser v. Flagstar Bank, FSB*, No. 05-23-01140-CV, 2025 WL 714961, at *1 (Tex. App.—Dallas Mar. 5, 2025, no pet.) (mem. op.). Nevertheless, the bond remained "subject to challenge." TEX. R. APP. P. 24.1, cmt. to 2024 change; TEX. R. APP. P. 24.1(b)(2).

Because Curtis unilaterally filed the bond before he asked the trial court to hold an evidentiary hearing to set a sufficient amount, we agree with LaPlante that the bond was not "in the amount required by [Rule] 24.2[.]" TEX. R. APP. P. 24.1(b)(1)(A); TEX. R. APP. P. 24.2(a)(2)(A) (noting the amount of security set by the trial court must be at least "the value of the property interest's rent or revenue, if the property interest is real"). However, we have previously held that a similar issue presented "a matter of sufficiency of the bond, rather than its validity." *In re Shopoff Advisors, L.P.*, 2018 WL 733789, at *3 (holding that appellants' "failure to ask the trial court to set a sufficient bond under subsections (a)(2) or (a)(3)" did not render their cash deposit in lieu of a supersedeas bond "ineffective to supersede the judgment"). When the amount of a bond is

insufficient, "there is a remedy. The rules provide for modification of the amount of the supersedeas." *Id.*; TEX. R. APP. P. 24.1(b)(2) ("On motion of any party, the trial court will review the bond.").

In this case, as in *Shopoff Advisors*, "the option to seek modification of the amount of the [bond] remains available to [LaPlante]." *In re Shopoff Advisors, L.P.*, 2018 WL 733789, at *3. But instead of seeking to modify the bond amount, LaPlante filed an application for a turnover order to enforce the divorce decree more than two months after Curtis filed the bond. Under these circumstances, we conclude that Curtis superseded the judgment before LaPlante sought to enforce it, even if the amount of his bond was arguably insufficient. *See id.*; *see also* TEX. R. APP. P. 24.1(f).

For these reasons, we grant Curtis's Motion for Temporary Orders to Set Supersedeas Bond and order the trial court to conduct an evidentiary hearing on the sufficiency of Curtis's February 2025 supersedeas bond. If the trial court finds that Curtis's February 2025 supersedeas bond is insufficient, we order the court to set an additional bond amount pursuant to Texas Rule of Appellate Procedure 24.2(a)(2). *See Devine*, 2015 WL 2437949, at *3–4; *Kanan*, 2012 WL 593067, at *5. In its order, the trial court should set a reasonable deadline by which Curtis must file the additional bond.

We hold Curtis's Second Emergency Motion for Stay Pending Appeal in abeyance pending the outcome of the above-described hearing on the sufficiency of the bond. Our July 21, 2025 temporary stay of the following orders remains in place until further order of this court:

1) the June 10, 2025 Order for Turnover;

2) the July 17, 2025 Order of Enforcement of the Turnover Order;

3) the provisions of the October 28, 2024 Final Decree of Divorce that award the real property located at 500 PR 2323, Hondo, Texas to LaPlante; and

4) any attempts by LaPlante to foreclose on or evict Curtis from the real property located at 500 PR 2323, Hondo, Texas.

If the trial court sets an additional bond amount and Curtis fails to file a sufficient bond by the deadline set in the trial court's order, LaPlante may file a motion in this court asking us to lift the temporary stay.

Curtis's appeal of the underlying divorce decree remains pending in this court and will be addressed in a separate opinion at a later date.

PER CURIAM